**UNITED STATES of America, Appellee,**

v.

**Maxmillian SLOLEY, Defendant–Appellant.**

**Docket No. 05–1748–CR.**

United States Court of Appeals, Second Circuit.

Argued March 3, 2006.

Decided Sept. 15, 2006.

Colleen P. Cassidy, New York, N.Y. (Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, of counsel), for Defendant–Appellant.

Christina Paglia Bischoff, Assistant United States Attorney, New York, N.Y. (Michael J. Garcia, United States Attorney, Katherine Polk Failla, Assistant United States Attorney, Southern District of New York, New York, NY, of counsel), for Appellee.

Before: WALKER, Chief Judge,
CARDAMONE, and SOTOMAYOR,
Circuit Judges.

CARDAMONE, Circuit Judge:

Arguing sentencing error and breach of his plea agreement, defendant Maxmillian Sloley (defendant or appellant), appeals his judgment of conviction and sentence entered April 1, 2005 by the United States District Court for the Southern District of New York (Pauley, J.). The trial court sentenced Sloley to 88 months imprisonment, three years of supervised release, and a $100 special assessment. This sentence was based on defendant's guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

The district court found that Sloley accepted responsibility for his crime and therefore qualified for a two-level reduction to his sentence under § 3E1.1(a) of the United States Sentencing Guidelines (U.S.S.G. or Guidelines). Judge Pauley refused to grant a reduction under Guidelines § 3E1.1(b). That subsection permits a further one-level decrease for acceptance of responsibility, if other criteria are met, including the filing of a government motion. Here the court did not give the extra reduction because the government did not file the required motion. Sloley claims that the district court's refusal constitutes error. He asserts further the government breached his plea agreement by refusing to file such motion.

Because we find no error in the sentence imposed on defendant, we affirm. The supposed inconsistency between the sentencing court's finding for purposes of subsection (a) that Sloley had accepted responsibility and the prosecutor's finding for purposes of subsection (b) that he had not may best be examined by way of an analogy.

An actor seeking the lead role in a proposed production impresses the director and gets the part. Later, when the play is staged, the audience is not taken with the actor in that role and shortly thereafter the play closes. The actor like Sloley had to satisfy two entities to achieve complete success. And like the director and the audience, the sentencing court and the prosecutor have a different perspective on what constitutes acceptance of responsibility. The judge makes a finding after hearing a defendant testify, the prosecutor among other factors looks at the timing of the acceptance so as not to have to needlessly waste the government's resources preparing for trial. So like a director looking for a professional actor, and an audience looking for charisma, the court and prosecutor can have different stakes on the same subject. Their seemingly contradictory perspectives on Sloley's acceptance of responsibility is permissible given their different roles in the plea bargaining process.

## BACKGROUND

On September 17, 2003 New York City police officers arrested the driver of an automobile in which Sloley was riding as a passenger at a traffic stop in the Bronx, New York. The officers stopped the vehicle because it was being driven recklessly. The officers found defendant in the automobile in possession of a loaded Browning 9mm semiautomatic pistol. Having been previously convicted on five occasions of being a felon, Sloley pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant's prior convictions included robbery in the second degree and criminal possession of a controlled substance, criminal impersonation, criminal possession of a weapon, and criminal sale of a controlled substance. The plea agreement provided

that if defendant "clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a) [and] an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b)."

Between Sloley's plea and his sentencing, the Supreme Court decided *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and granted *certiorari* on *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because of these developments, defendant moved to adjourn sentencing until the impact of these cases was ascertained and declared he should be sentenced according to any new standards set forth by *Booker.* This led to several letter motions between Sloley's counsel and the government. In one of these letter motions, defendant denied admitting to obstructing justice or committing perjury, although he had made such admissions in his plea agreement.

The obstruction of justice and perjury elements arose from an earlier evidentiary hearing at which defendant moved to suppress certain evidence. The government maintains that during his testimony at that hearing, Sloley perjured himself and that such constituted an obstruction of justice. Language to that effect was included in Sloley's plea agreement. Based on defendant's letter motions and denial of having obstructed justice and committed perjury, the government at sentencing refused to file a § 3E1.1(b) motion, averring that it was not satisfied that Sloley had accepted responsibility.

Nonetheless, the district court found Sloley had neither committed perjury nor obstructed justice. It found in addition that defendant had accepted responsibility

and consequently reduced his offense level by two levels under U.S.S.G. § 3E1.1(a). But because the government did not file a § 3E1.1(b) motion, the sentencing court did not grant defendant an additional one-level reduction. Accordingly, it sentenced him as recited a moment ago. From the judgment of conviction and sentence, Sloley appeals.

## DISCUSSION

Appellant makes two inter-related arguments. He contends first that the district court erred in interpreting § 3E1.1(b) to require a government motion even when the court has independently found timely acceptance of responsibility under the prior subsection § 3E1.1(a). He asserts second that the government breached his plea agreement by refusing to file a § 3E1.1(b) motion. We are mindful that this appeal presents the first opportunity for our Circuit to address the application of Guidelines § 3E1.1 as amended by the Prosecutorial Remedies and Tools Against Exploitation of Children Today Act of 2003 (PROTECT Act), Pub.L. No. 108–21, § 401(g), 117 Stat. 650, 671–72 (2003). We address each of Sloley's arguments.

### Standard of Review

While findings of fact at sentencing are reviewed for clear error, the district court's interpretation of a Guidelines provision is reviewed *de novo.* *United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005).

### A. *Applicable Law—Acceptance of Responsibility Under Guidelines § 3E1.1(a) and (b)*

The Guidelines provide for reductions to a defendant's offense level when the defendant accepts responsibility for his crimes. *See* U.S.S.G. § 3E1.1. Subsection (a) of Guidelines § 3E1.1 states that if a defendant "clearly demonstrates acceptance of

responsibility for his offense," the court should decrease the offense level by two levels. U.S.S.G. § 3E1.1(a). Subsection (b) provides for a further one-level decrease if (1) the defendant qualifies under subsection (a)—i.e., he is found to have accepted responsibility by the court, (2) the defendant's offense level is a level 16 or greater, *and* (3) the government files a "motion ... stating that the defendant [had timely notified] authorities of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently ...." U.S.S.G. § 3E1.1(b). Application Note 6 to § 3E1.1 explains that "[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." U.S.S.G. § 3E1.1 cmt. n. 6. In addition, "timeliness of [a] defendant's acceptance of responsibility is a consideration under" both subsections (a) and (b). *Id.*

■ Appellant contends that because the district court found that he timely accepted responsibility under subsection (a), it was compelled as a matter of logic and consistency to grant a further reduction under subsection (b). To do otherwise, Sloley insists, results in an improper contradiction, that is, the court's finding of acceptance of responsibility is in direct conflict with the government's finding of no acceptance of responsibility. Appellant's argument is significantly flawed, and therefore we cannot adopt it.

First, appellant ignores the language of § 3E1.1(b) and its accompanying Application Note 6, which explains that "an adjustment under subsection (b) *may only* be granted upon formal motion by the Gov-

ernment." U.S.S.G. § 3E1.1 cmt. n. 6 (emphasis added). We follow other circuits in giving the Guidelines language its plain meaning and force and hold that— subject to the narrow limitations we discuss in a moment—a government motion is a necessary prerequisite to the additional one-level decrease under Guidelines § 3E1.1(b). *See, e.g., United States v. Moreno–Trevino,* 432 F.3d 1181, 1185–86 (10th Cir.2005); *United States v. Wattree,* 431 F.3d 618, 623–24 (8th Cir.2005); *United States v. Smith,* 429 F.3d 620, 628 (6th Cir.2005).

Second, accepting Sloley's logic would render the requirement of a government motion under subsection (b) a nullity. It cannot be that every time a sentencing court makes a finding of acceptance of responsibility a government motion would, as a matter of law, have to be filed. If that were the case then the Guidelines would not have provided for a government motion. Section 3E1.1 is crafted and structured in a manner that divides the power to reduce a defendant's offense level for acceptance of responsibility between the sentencing court and the prosecutor. Such a division of power between the judicial and executive branches implicitly contemplates situations in which a court may find acceptance of responsibility while the government prosecutor may not. The inherent contradiction upon which Sloley bases his argument is therefore not improper, but actually within the contemplation of Congress and the ambit of the Guidelines, as we explained earlier in our analogy.

Finally, the necessity of a government motion under subsection (b) becomes clearer when we examine the subsection's recent history. Prior to 2003 and the passage of the PROTECT Act, subsection (b) did not require a government motion for the additional reduction to apply. The

power to lower a defendant's offense level was vested solely in the judiciary. If a court found a defendant had accepted responsibility and provided timely notice of intent to plead guilty, the reduction under subsection (b) was compulsory and not a matter of judicial discretion. *See United States v. Rood*, 281 F.3d 353, 356–57 (2d Cir.2002) (noting under old version of subsection (b), once court found qualification under subsection (a) and timely notice of intent to plea, "[a]pplication of subsection (b) is not discretionary").

But the PROTECT Act altered that rule by amending the subsection and adding the further element of a prosecutor's motion, thereby making qualification for an additional reduction under subsection (b) more difficult. *See United States v. Borer*, 412 F.3d 987, 991 (8th Cir.2005) ("The PROTECT Act amendment made it materially more difficult for [defendant] to earn a reduction for acceptance of responsibility by adding a requirement that the government authorize the court to grant a third level reduction."). Appellant may have had an easier path toward the extra reduction under the old version of § 3E1.1(b), but Congress' aim in amending the provision makes plain that under the new version both the court and the government must be satisfied that the acceptance of responsibility is genuine.

This does not mean, however, that a prosecutor's refusal to file the motion is a matter of such broad discretion as to be beyond review. A prosecutor's discretion under § 3E1.1(b) is limited by several concerns. We pose then: On what basis can a defendant challenge a prosecutor's refusal to file a § 3E1.1(b) motion? While this question is one of first impression, we have a compass to guide us.

For insight we look to case law governing Guidelines § 5K1.1 that grants analogous discretion to prosecutors in filing motions that permit a court to decrease a sentence. Under that provision, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person ... the court may depart from the guidelines." U.S.S.G. § 5K1.1. We read § 3E1.1(b) as we do § 5K1.1 to invest the government with a power, not a duty, to file or not to file a motion. *See Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Similarly, under subsection (b) of § 3E1.1, a prosecutor may file a motion, but is not required to do so, even when the court has found that a defendant has timely notified the prosecutor of his intent to plead guilty, and accepted responsibility for his crimes. *See* U.S.S.G. § 3E1.1(b) cmt. n. 3 ("A defendant who enters a guilty plea is not entitled to an adjustment under [§ 3E1.1] as a matter of right."); *id.*, cmt. n. 6 ("[A]n adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.").

■ That said, we believe a prosecutor's discretion under § 3E1.1(b), although broad in scope, has some limitation. *See United States v. Resto*, 74 F.3d 22, 26 (2d Cir.1996). It is subject, for example, to the same limits to which a prosecutor's discretion under § 5K1.1 is subject. That is, in all cases, a prosecutor cannot refuse to move on the basis of an unconstitutional motive, such as a defendant's race or religion. *Wade*, 504 U.S. at 185–86, 112 S.Ct. 1840; *see United States v. Campo*, 140 F.3d 415, 419–20 (2d Cir.1998) (per curiam); *United States v. Leonard*, 50 F.3d 1152, 1157 (2d Cir.1995). Moreover, when the terms of a plea agreement leave the discretion to file the motion solely in the hands of the government, our review of the government's decision is more searching. *United States v. Roe*, 445 F.3d 202, 207 (2d Cir.2006); *Leonard*, 50 F.3d at 1157. In

such a case, we may review the plea agreement to see if the government has "made its determination in good faith." *Roe,* 445 F.3d at 207; *see Leonard,* 50 F.3d at 1157 ("[A] court may review the government's treatment of a plea agreement ... only to determine whether it has acted in 'good faith' "); *United States v. Khan,* 920 F.2d 1100, 1105 (2d Cir.1990) ("[T]he prosecution's determination ... may not be reached dishonestly or in bad faith."). With these precepts in mind, we turn to the facts of Sloley's case.

### B. *The Present Case*

#### 1. *No Unconstitutional Motive*

■ The record before us presents no evidence that unconstitutional motive prompted the prosecutor to withhold the § 3E1.1(b) motion. Sloley maintains the government refused to file because he argued in letter motions to the district court that he be sentenced in a constitutional manner under *Booker.* We do not doubt that if such a letter prompted the refusal to file that such a motive would be unlawful and grounds for reproach, but those are not the facts of the present case. There is nothing in the record that demonstrates the prosecutor here was motivated by appellant's request to be sentenced in a constitutional manner. Rather, the record shows that Sloley's reneging on his admission to perjury—an admission he had earlier made in the plea agreement—is what led the government to conclude that he had not accepted responsibility to the prosecutor's satisfaction.

#### 2. *No Bad Faith and No Breach of the Plea Agreement*

■ Nor do we see any evidence of bad faith in the prosecutor's refusal to make the motion. As a consequence, the government did not breach Sloley's plea agreement. The agreement provides that "[a]ssuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government ... a two-level reduction will be warranted pursuant to U.S.S.G. § 3E1.1.(a) [and] an additional level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b)." The language "to the satisfaction of the Government" is unambiguous: It reserves the decision to file the § 3E1.1(b) motion to the government's discretion. *See United States v. Cimino,* 381 F.3d 124, 127 (2d Cir.2004) ("[P]lea agreements are subject to ordinary contract law principles, except that any ambiguity is resolved strictly against the government.").

As noted, in such a case we review the government's decision to withhold the motion only to ascertain if that decision was reached in good faith. We agree with the district court that the government's refusal to file was made in good faith. The record shows that the prosecutor was honestly dissatisfied, *Khan,* 920 F.2d at 1105, with appellant's acceptance of responsibility. Indeed, Sloley challenged admissions he had already attested to in his plea agreement. Accordingly, the government had a good faith basis in finding no acceptance of responsibility by the defendant. As a consequence, its refusal to make a § 3E1.1(b) motion was justified.

### CONCLUSION

For the foregoing reasons we find neither sentencing error nor breach of defendant's plea agreement. The judgment of conviction and sentence is therefore affirmed.