

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2007

# USA v. Garcia-Moreno

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4274

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Garcia-Moreno" (2007). *2007 Decisions.* Paper 1771.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1771

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4274

———

UNITED STATES OF AMERICA,

Appellee,

v.

RUBEN D. GARCIA-MORENA,

Appellant.

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 01-729)
District Judge: Honorable Joseph A. Greenaway, Jr.

———

Submitted Under Third Circuit LAR 34.1(a),
November 27, 2006

Before: FUENTES and GARTH, Circuit Judges, and POLLAK,[*] District Judge

(Filed January 16, 2007)

———

[*] The Honorable Louis H. Pollak, Senior Judge, United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge.

Following a bench trial on stipulated facts, appellant was convicted of conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  On remand for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), the District Court sentenced appellant to 140 months' imprisonment.  Appellant asserts numerous errors with respect to that sentence.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  See United States v. Lloyd, 469 F.3d 319, 321 (3d Cir. 2006).  For the reasons set forth below, we will affirm.

I.    **Background**

On November 1, 2001, agents from the Drug Enforcement Administration arrested appellant, along with his two co-conspirators, Luis Valencia-Garcia and Ricardo Franco-Garcia, after a three-day surveillance operation at an apartment complex in Edgewater, New Jersey.  Agents arrested appellant and Franco-Garcia in the parking garage of the apartment complex loading a car with two suitcases, each of which contained twenty-five kilograms of cocaine.  Agents pulled Valencia-Garcia over in a pick-up truck at a nearby

2

location; inside of the truck was a duffel bag containing twenty-six kilograms of cocaine. When agents searched the apartment from which all three men were observed coming and going during the course of the surveillance operation, they found an additional 200 kilograms of cocaine.

Appellant, along with his two co-conspirators, were subsequently indicted for one-count of conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), an offense that carries a statutory maximum of life imprisonment. After the District Court denied defendants' motion to suppress the drugs as evidence, Valencia-Garcia pleaded guilty and was sentenced to seventy-eight months' imprisonment. Both appellant and Franco-Garcia informed the government that they wished to enter conditional guilty pleas preserving their right to appeal the District Court's denial of their motion to suppress. The government denied their request and, on September 23, 2003, both men were convicted after a bench trial on stipulated facts.

At a hearing held on February 9, 2004, the District Court sentenced appellant to 151 months' imprisonment, and Franco-Garcia to 63 months' imprisonment.[1] Appellant and Franco-Garcia filed a consolidated appeal with this Court, arguing that the District Court erred in denying their motion to suppress. In addition, they raised a number of

---

[1] The District Court used the 2003 version of the Sentencing Guidelines. The guidelines provisions that are relevant to this appeal did not change in the 2004 version, the version in effect at the time of appellant's resentencing in September 2005.

3

challenges to the District Court's application of the sentencing guidelines. On May 11, 2005, we affirmed the District Court's denial of the motion to suppress. Then, after noting that "the sentencing issues appellant raises are best determined by the District Court in the first instance," we remanded the matter to the District Court for resentencing in accordance with the Booker decision.

At the resentencing hearing, held on September 12, 2005, the District Court adopted all of its prior factual findings and guidelines determinations, but granted appellant an additional one-level downward departure for pretrial conditions of confinement. The District Court thereafter sentenced appellant to 140 months' imprisonment, eleven months shorter than the original sentence imposed. This appeal followed.

## II.    Analysis

Appellant asserts that the District Court erred by:  (1) imposing a vindictive sentence on remand; (2) failing to grant him a reduction for his minor role in the conspiracy; (3) failing to grant him an additional one-point reduction for acceptance of responsibility; (4) failing to grant him a two-point safety-valve reduction pursuant to § 2D1.1(b)(6) of the Sentencing Guidelines; (5) sentencing him to a longer term of imprisonment than his co-defendant; and (6) refusing to downwardly depart from the guidelines range. In addition, appellant argues that counsel was ineffective at the sentencing stage of the proceedings.

In general, a court of appeals gives deference to a district court's sentencing determinations and thus reviews sentences on an abuse of discretion basis. Lloyd, 469 F.3d at 321. To the extent that this appeal involves contentions that the district court made a mistake of law, our review is plenary. Id. To the extent that appellant advances arguments that he failed to preserve in the district court, our review is confined by the plain error standard. Id.

## A.     Vindictive sentencing

At the original sentencing hearing, the District Court calculated appellant's guidelines range at 151 to 188 months' imprisonment, based on an offense level of thirty-four[2] and a criminal history category of I. The District Court sentenced appellant to 151 months' imprisonment, the lowest sentence permitted under the applicable guidelines range.

On remand, the District Court adopted all of its prior factual findings and guidelines determinations except that it granted appellant an additional one-level downward departure in order to take into account the harsh conditions of appellant's pretrial confinement at the Passaic County Jail. Appellant's offense level was therefore reduced from thirty-four to thirty-three, resulting in a new guidelines range of 135 to 168

---

[2] Because of the large quantity of drugs involved–approximately 275 kilograms of cocaine–appellant was assigned a base offense level of thirty-eight. As discussed later in this opinion, the District Court then granted appellant a two-point safety-valve reduction pursuant to § 2D1.1(b)(6), and a two-point reduction for acceptance of responsibility pursuant to §3E1.1(a).

5

months' imprisonment. The District Court sentenced appellant to 140 months' imprisonment, at the lower end of the applicable guidelines range.

Appellant recognizes (as he must) that his sentence on remand was eleven months shorter than the sentence originally imposed. Appellant nevertheless contends that the District Court engaged in vindictive sentencing in violation of his Fifth Amendment due process rights.[3] In appellant's view, "he essentially received a more severe sentence on remand because the court sentenced him in the middle of the guidelines range. Whereas, he was sentenced at the bottom of the guideline range at his original sentencing."

As creative as appellant's theory might be, it simply does not bring his case within the ambit of the Fifth Amendment prohibition against vindictive sentencing. See North Carolina v. Pearce, 395 U.S. 711, 725-26 (1969), overruled in part by Alabama v. Smith, 490 U.S. 794, 803 (1989). Indeed, the record in this case is devoid of any facts that would allow this Court to infer that the District Court imposed a harsher sentence on remand in order to punish appellant for appealing his conviction and sentence. The fact of the matter is, the District Court imposed a more lenient sentence on remand.

**B.** **Minor role reduction**

Appellant next argues that the District Court should have granted him a two-level minor role reduction because he was simply a courier in a larger drug-trafficking

---

[3] It appears that appellant failed to raise this issue before the District Court. In any event, we find that the outcome is the same whether we apply plain error or de novo review.

enterprise. Because the District Court's denial of the reduction was based on a factual determination, we review the decision for clear error. See United States v. Perez, 280 F.3d 318, 351 (3d Cir. 2002). A decision is clearly erroneous if the reviewing court is left with the definite and firm conviction based on all of the evidence that the district court made a mistake. Id.

Section 3B1.2 of the Sentencing Guidelines provides:

Based on defendant's role in the offense, decrease the offense level as follows:
(a)     If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
(b)     If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
In cases falling between (a) and (b), decrease by 3 levels.

U.S. Sentencing Guidelines Manual § 3B1.2 (2003). To receive an adjustment pursuant to § 3B1.2, a defendant has the burden of demonstrating that (1) there were multiple participants in the offense, and (2) the defendant was among the least culpable of the participants. See United States v. Isaza-Zapata, 148 F.3d 236, 238-439 (3d Cir. 1998). There is no dispute that the first requirement is met in this case.

With respect to the second requirement, we have held that "the fact that a defendant's participation in a drug operation was limited to that of a courier is not alone indicative of a minor or minimal role." United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991). Rather, "the culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the

7

importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." Id. District courts should consider each of these factors in relation to the other participants in the conspiracy. Isaza-Zapata, 148 F.3d at 239.

In this case, the District Court concluded that appellant's co-conspirator, Franco-Garcia, qualified for a two-level minor role reduction, but denied appellant a similar reduction. The District Court found that while there was no evidence that Franco-Garcia knew any other participants in the conspiracy other than his co-defendants, or assisted with the distribution of any "loads" other than the one for which he was convicted, appellant played a more significant role in the overall criminal scheme.

Specifically, relying on the facts set forth in appellant's pre-sentence investigation report, the District Court noted that appellant was in direct communication with an individual named Carlos Ramirez, a higher-up in the drug trafficking enterprise. Ramirez provided appellant with contacts to secure apartments in New York and New Jersey for use as a distribution base, and entrusted appellant with money for rent and bills, and a car to conduct business.[4] With respect to the actual distribution of the drugs, an unidentified caller informed appellant of specific pick-up and drop-off locations, which appellant then

---

[4] At the original sentencing hearing, defense counsel asserted that appellant simply followed Ramirez's instructions in "securing" the apartment. The District Court correctly concluded that this issue was not dispositive of whether appellant should be granted a minor role reduction.

communicated to Ramirez. Although appellant was not directly compensated for this assistance, he negotiated a deal with Ramirez in which he would be paid $60 for each kilogram he transported, as compared to the $40 per kilogram that Franco-Garcia was to receive. The pre-sentence investigation report further indicated that appellant participated in the distribution of least two other loads prior to the one for which he was convicted. After noting that appellant was "certainly not living high off the hog," and "didn't appear to have money from any sales so that there was evidence of any flash around," the District Court nevertheless concluded that based on the facts presented it could not properly characterize appellant's role in the offense as "minor."

We have previously noted that "district courts are allowed broad discretion in applying [§ 3B1.2], and their rulings are left largely undisturbed by the courts of appeal." See Isaza-Zapata, 148 F.3d at 238. In this case, the District Court's reasons for declining to grant the reduction were carefully explained on the record, supported by the evidence, and entirely consistent with Third Circuit precedent. See United States v. Rodriguez, 342 F.3d 296, 301 (3d Cir. 2003) (instructing the district court on remand to consider factors such as whether defendant's conduct was an isolated event or repeat activity, the amount of money defendant was to receive, defendant's knowledge of other actors in the conspiracy, and the importance of defendant's actions to the success of the venture). Accordingly, we reject appellant's contention that the District Court erred in denying him a two-point minor role reduction.

9

## C. Acceptance of responsibility

The District Court granted appellant a two-point reduction for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines, but denied him a third point because the government did not move for such a reduction.

Section 3E1.1 provides:

(a)   If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b)   If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and *upon motion of the government* stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by an additional 1 level.

U.S. Sentencing Guidelines Manual § 3E1.1 (2003) (emphasis added). The Commentary to § 3E1.1(b) explains in relevant part:

Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.

Id. at cmt. n.6.[5]

A district court has the limited authority to review the government's refusal to

---

[5] In 2003, Congress amended § 3E1.1(b) to require a motion by the government. See United States v. Chase, 466 F.3d 310, 315 (4th Cir. 2006) (citing Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act ("PROTECT Act"), Pub. L. No. 108-21 § 401(g), 117 Stat. 650, 671-72 (2003)).

10

move for a downward departure, and to grant a remedy, if it finds that the refusal was improper–for example, if the refusal was based on an unconstitutional motive (such as race or religion), or lacked a rational relationship to any legitimate government objective. See United States v. Abuhouran, 161 F.3d 206, 211-12 (3d Cir. 1998) (§ 5K1.1 context); see also United States v. Sloley, 464 F.3d 355, 360 (2d Cir. 2006) (§ 3E1.1(b) context); United States v. Espinoza-Cano, 456 F.3d 1126, 1136 (9th Cir. 2006) (same); United States v. Moreno-Trevino, 432 F.3d 1181, 1186 (10th Cir. 2005) (same); United States v. Smith, 429 F.3d 620, 628 (6th Cir. 2005) (same).

Here, appellant's willingness to enter a guilty plea was conditioned on preserving his right to appeal the District Court's evidentiary rulings. The government chose not to accept a conditional guilty plea, at which point the parties proceeded to trial. Given the resources the government was forced to expend in trying the case, it decided not to move for an additional one-level reduction pursuant to §3E1.1(b). Based on these facts, the District Court properly declined to grant appellant a third point for acceptance of responsibility.

### D. "Safety-valve" reduction

Appellant's argument that the District Court erred in denying him a two-level safety-valve reduction pursuant to § 2D1.1(b)(6) of the Sentencing Guidelines is patently meritless. A review of the record shows that the Probation Office recommended in its pre-sentence investigation report that appellant receive a two-level safety-valve reduction,

11

the government agreed at the sentencing hearing that such a reduction was appropriate, and the District Court granted the reduction.

### E. Sentencing disparity

Appellant argues that the District Court should have imposed a shorter sentence because of the disparity between his sentence (140 months) and Franco-Garcia's (63 months). A criminal defendant "has no constitutional right to be given a sentence equal in duration to that of his or her co-defendants." United States v. Parker, 462 F.3d 273, 276 (3d Cir. 2006) (quoting United States v. Hart, 273 F.3d 363, 379 (3d Cir. 2001)). In addition, a "disparity of sentence between co-defendants does not of itself show an abuse of discretion." Id. at 276-77 (quoting United States v. Cifuentes, 863 F.2d 1149, 1156 (3d Cir. 1988)).

Here, appellant received a harsher sentence than his co-defendant because the District Court found that appellant was not similarly situated to his co-defendant. Rather, as previously discussed, the District Court found that appellant played a more significant role than Franco-Garcia in the offense. In denying the reduction, the District Court acted well within the scope of its authority and, as set forth more fully below, its decision was entirely consistent with the goals of 18 U.S.C. § 3553. See id. at 277 ("We have concluded that Congress' primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case.").

### F. Reasonableness of the sentence

12

Appellant repeats his previous arguments in contending that the 140-month sentence imposed by the District Court is excessively harsh and disproportionate to the seriousness of the offense. To determine if the District Court acted reasonably in sentencing appellant, we must first be satisfied the court exercised its discretion by considering the relevant factors under 18 U.S.C. § 3553(a). United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). The relevant factors are:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)  the need for the sentence imposed–
    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant; and
    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)  the kinds of sentences available;
(4)  the kinds of sentences and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

18 U.S.C. § 3553(a).

Although the record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors, the court need not discuss every argument made by a litigant if an argument is clearly without merit. Cooper, 437 F.3d at 329. Nor must a court make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing. Id. Moreover, while we review for reasonableness whether a sentence lies within or outside the applicable guidelines range,

13

it is "less likely that a within-guidelines sentence, will be unreasonable." Id. at 330-31.

At both the original sentencing and on remand, the District Court thoroughly explained its reasons for the sentence it imposed, and those reasons reflected the District Court's meaningful consideration of the factors set forth in § 3553(a). As the District Court explained at the conclusion of the resentencing hearing:

> The Court originally sentenced defendant on February 9th of 2004. The sentence will remain every respect as it was on that day other than the fact that the Court is willing to apply a one-level departure to 33 . . . Frankly, the true essence of that sentence is a reflection of the substantial amount of time that Mr. Garcia-Morena spent at the Passaic County Jail in the Hudson County facility. In the absence of that, I would undoubtably stay with my sentence, because I think that, despite the protestations of counsel, Mr. Garcia-Morena was involved in an enormous amount of cocaine, which requires a substantial sentence, which he received, and I believe that 140 months is an appropriate sentence that reflects the seriousness of the offense.

Accordingly, we see no basis for concluding that the 140-month sentence imposed by the District Court–a sentence that was at the lower end of the applicable guidelines range–was unreasonable.

### G. Alleged ineffective assistance of counsel

Raising the issue for the first time on appeal, appellant argues that counsel did not adequately represent him at the remand hearing. We generally do not entertain ineffective assistance of counsel claims for the first time on direct appeal. Headley, 923 F.2d at 1083. Indeed, we have repeatedly held that "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be

14

developed." Id. (quoting <u>United States v. Theodoropoulos</u>, 866 F.2d 587, 598 (3d Cir. 1989). Appellant does not contend, nor do we find, that this case falls within the "narrow exception" to this general rule. Id. (stating that "[w]here the record is sufficient to allow determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed"). Accordingly, we decline to rule on appellant's claim that counsel failed to adequately represent him in the proceedings on remand.

## III.   Conclusion

For the foregoing reasons, we will affirm the sentence imposed by the District Court.