12-155-cr
United States v. Alhakk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of December, two thousand twelve.

PRESENT: DENNY CHIN,
CHRISTOPHER F. DRONEY,
Circuit Judges,
JOHN GLEESON,
District Judge.*

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
Appellee,

-v.-                                           12-155-cr

YUSEF ALHAKK, AKA JOSEPH DANIELS,
Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:              JOSEPH J. KARASZEWSKI, Assistant United States Attorney, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:   JAYME L. FELDMAN (Marianne Mariano, on the brief), Federal Public Defender's Office, Buffalo, New York.

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Yusef Alhakk was convicted, following a plea of guilty, of one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). The district court (Arcara, J.) sentenced him principally to 120 months' imprisonment, a sentence that was substantially below the Guidelines range of 151 to 188 months, as determined by the district court.

On appeal, Alhakk challenges the procedural and substantive reasonableness of his sentence. We review the procedural and substantive reasonableness of a district court's sentence for abuse of discretion. United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). We apply de novo review to the district court's rulings on questions of law, including Guidelines interpretation, and clear-error review to its rulings on questions of fact, including those that inform Guidelines application. See United States v. Legros, 529 F.3d 470, 474 (2d Cir. 2008).

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

1.  **Procedural Reasonableness**

Pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3E1.1(a), a defendant may receive a two-level reduction in his offense level calculation if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).  In addition, a defendant who qualifies for a reduction under § 3E1.1(a) may receive an additional one-level reduction under § 3E1.1(b) if his offense level is 16 or greater and the government makes a motion stating that he "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  U.S.S.G. § 3E1.1(b).

Alhakk argues that the district court committed procedural error in denying him the additional one-level downward adjustment pursuant to § 3E1.1(b).  He asserts that he was entitled to the additional one-point reduction "because [he] did not force the government to prepare needlessly for trial and has fully accepted responsibility for his actions since his 2010 arrest."  Br. for Def.-Appellant at 14.  The claim fails.

"[A] government motion is 'a necessary prerequisite' to the granting of the third point" under § 3E1.1(b).  United States v. Lee, 653 F.3d 170, 173 (2d Cir. 2011) (quoting United States v. Sloley, 464 F.3d 355, 359 (2d Cir. 2006)); see also U.S.S.G. § 3E1.1, cmt. n.6.  This requirement may be excused (1) where the government's refusal to move is based on an unconstitutional motive; or (2) when the government acts in bad faith in failing

to so move.  Lee, 653 F.3d at 173 (citing Sloley, 464 F.3d at 360-61).  Ordinarily, a sentencing court's decision not to grant a defendant a decrease pursuant to § 3E1.1 is "'entitled to great deference on review.'"  United States v. Taylor, 475 F.3d 65, 68 (2d Cir. 2007) (per curiam) (quoting U.S.S.G. § 3E1.1, cmt. n.5).

The record in this case contains no evidence to suggest that the government's refusal to make a § 3E1.1(b) motion was based on an unconstitutional motive or made in bad faith.  Cf. Lee, 653 F.3d at 174 (government may not refuse to move for additional one-point reduction because defendant invoked his due process right to contest errors in the PSR).  Moreover, Alhakk violated the terms of his bond by fleeing the United States, conduct warranting an obstruction of justice enhancement under U.S.S.G. § 3C1.1.  Only in "extraordinary cases" will a defendant who engages in obstruction of justice be entitled to a reduction under § 3E1.1, as such conduct "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."  U.S.S.G. § 3E1.1, cmt. n.4.  Although the government agreed in the plea agreement not to oppose Alhakk's request for a two-level downward adjustment pursuant to § 3E1.1(a), it made no promise to move for the additional one-point reduction, and Alhakk has shown no reason why this Court should view his case as "extraordinary."

To the extent Alhakk argues that it unfairly compounds his punishment to use his conduct in fleeing the country both to apply an obstruction enhancement and to deny an acceptance-of-responsibility reduction, the claim lacks merit.  "The Guidelines

- 4 -

explicitly permit the same act to be counted both for an obstruction enhancement under section 3C1.1 and for denial of an acceptance of responsibility decrease under section 3E1.1." United States v. Castellanos, 355 F.3d 56, 60 (2d Cir. 2003) (citing U.S.S.G. § 3E1.1, cmt. n.4). Accordingly, the district court did not commit procedural error.

## 2. **Substantive Reasonableness**

Alhakk contends that his 120-month sentence was substantively unreasonable because (1) the district court applied a four-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4) for sexual exploitation of a minor involving sadistic or masochistic conduct; and (2) the district court did not properly consider the concerns articulated in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), and the factors set forth in 18 U.S.C. § 3553(a). We reject both challenges.

First, pursuant to U.S.S.G. § 2G2.2(b)(4), "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence," a defendant's offense level will be increased by four levels. U.S.S.G. § 2G2.2(b)(4). Alhakk admits that two of the images discovered on his computer qualified procedurally for the enhancement under § 2G2.2(b)(4), but he argues that the district court committed substantive error by applying the four-level enhancement on the basis of only two images out of the 436 still images and 314 videos found on his computer. We have upheld the application of a § 2G2.2(b)(4) enhancement, however, where the offense involved only one image depicting sadistic or masochistic conduct. See, e.g., United

States v. Hotaling, 634 F.3d 725, 731 (2d Cir. 2011); United States v. Delmarle, 99 F.3d 80, 83 (2d Cir. 1996). The district court concluded that the fact that only two sadistic or masochistic images were found "does not sufficiently mitigate the harm caused by those images." Sentencing Tr. at 16:3-4, United States v. Alhakk, No. 06-cr-165 (W.D.N.Y. Dec. 21, 2011), ECF No. 42. We find no abuse of discretion in this conclusion.

Second, Alhakk's assertion that the district court failed to justify the reasonableness of the imposed sentence is misplaced. At sentencing, defense counsel emphasized Alhakk's serious health problems, his troubled childhood, and his efforts to reconnect with his family. In response, the government noted that Alhakk's case was unusual in that, unlike many defendants charged with child pornography crimes, Alhakk had an extensive criminal history. The government also noted that Alhakk had been "difficult throughout [the] case," and remarked that Alhakk had fled for five years to Thailand, "a country that is known for a prevalent sex trade among children." Sentencing Tr. at 9:21, 10:10-11.

The record reflects that the district court considered the parties' arguments, the advisory Guidelines range, and the factors set forth in 18 U.S.C. § 3553(a). The court specifically addressed and acknowledged, inter alia, Alhakk's difficult childhood, his age, his poor health, his extensive history of substance abuse, and the absence of any evidence that he had engaged in sexual contact with a minor. Against these factors, the court balanced the seriousness of Alhakk's conduct, the risk

he would offend again, and the need for specific and general deterrence. Further, the court noted that it had given "special consideration" to the concerns expressed in <u>Dorvee</u>. Sentencing Tr. at 18:6-7. Based on all of these considerations, the court concluded that a below-Guidelines sentence of 120 months' imprisonment was sufficient but not greater than necessary to fulfill the requirements of § 3553(a). Nothing in the record demonstrates that the court failed adequately to balance the § 3553(a) factors, or that its sentence was "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009).

We have considered Alhakk's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK