10-493-cr
United States v. Lee

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2010

(Submitted: June 17, 2011          Decided: July 26, 2011)

Docket No. 10-493-cr

---

**UNITED STATES OF AMERICA**,

*Appellee*,

v.

**CHRIS LEE**,

*Defendant-Appellant*.

---

Before:

B.D. PARKER and CHIN, *Circuit Judges*, and
KORMAN, *District Judge*.[*]

Appeal from a February 17, 2010, judgment of the United States District Court for the Eastern District of New York (Townes, *J.*) convicting defendant-appellant Chris Lee, following his guilty plea, of narcotics violations and sentencing him principally to 235 months' imprisonment.

VACATED and REMANDED.

---

BARRY KRINSKY, Law Office of Barry Krinksy, Brooklyn, New York, *for Defendant-Appellant*.

---

[*] The Honorable Edward R. Korman, United States District Judge, Eastern District of New York, sitting by designation.

SUSAN CORKERY and DANIEL SPECTOR, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee*.

---

CHIN, *Circuit Judge*:

In this case, defendant-appellant Chris Lee was indicted for narcotics violations in connection with a scheme to import cocaine. He pleaded guilty and was sentenced principally to a term of 235 months' imprisonment. On appeal, he contends that his sentence was procedurally and substantively unreasonable. *See United States v. Cavera*, 550 F.3d 180, 187–89 (2d Cir. 2008) (en banc). We agree, in part, and therefore vacate the sentence and remand for resentencing.

## BACKGROUND

On September 26, 2007, Lee pleaded guilty, without a plea agreement, to all four counts of an indictment charging him with narcotics violations. The Probation Department prepared a presentence report (the "PSR"). Lee made certain objections to the PSR's findings, including a finding that he had threatened to kill certain drug couriers who he feared might cooperate with law enforcement officers.

A *Fatico* hearing was scheduled for July 22, 2008. The night before, Lee withdrew all but one of his

-2-

objections.  He continued to deny that he had threatened to kill the couriers.  The *Fatico* hearing was rescheduled and limited to this issue.  At the hearing, the district court found that Lee had made the threats.

At sentencing, although the government agreed to recommend a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), it refused to move for the third-point reduction available under § 3E1.1(b) because, as it explained to the district court:

> [T]he defendant required the government to undergo extensive preparation for a *Fatico* hearing on multiple sentencing issues, and, after the government had undergone such preparation, the defendant elected to proceed with a *Fatico* hearing on narrower issues.  The preparation involved with respect to the initial, broader *Fatico* hearing involved multiple witnesses and was akin to preparing for trial . . . .

Lee requested the third-point reduction, but the district court denied the request, noting that the government had not moved for the third-point reduction and that Lee had not argued that the government's decision not to make the motion was "without good faith."  The court thereafter sentenced Lee to 235 months' imprisonment -- the bottom of the advisory guidelines range.

## *DISCUSSION*

This Court may "review sentences only for 'reasonableness,' a deferential standard limited to identifying abuse of discretion." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008) (citation omitted). Reasonableness review consists of two prongs: "first, we must 'ensure that the district court committed no significant procedural error,' and second, if we find the sentence to be 'procedurally sound,' we must 'take into account the totality of the circumstances' and 'consider the substantive reasonableness of the sentence.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

### A. *Procedural Reasonableness*

Lee argues that the district court committed procedural error by declining to grant a third-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), contending that the government's decision not to move for the third-point reduction was improper. We agree.

Section 3E1.1 provides that a criminal defendant may receive up to a three-level reduction in the offense level calculation. "If the defendant clearly demonstrates acceptance of responsibility for his offense," the offense level may be reduced by two points. § 3E1.1(a). An

additional one-level reduction may be granted where certain
criteria are met:

> If the defendant qualifies for a
> decrease under subsection (a), the
> offense level determined prior to the
> operation of subsection (a) is level 16
> or greater, and upon motion of the
> government stating that the defendant has
> assisted authorities in the investigation
> or prosecution of his own misconduct by
> timely notifying authorities of his
> intention to enter a plea of guilty,
> thereby permitting the government to
> avoid preparing for trial and permitting
> the government and the court to allocate
> their resources efficiently, decrease the
> offense level by 1 additional level.

§ 3E1.1(b).

Hence, § 3E1.1(b) gives the court authority to
award a third-point reduction "upon motion of the
government."  § 3E1.1(b).  As the case law recognizes, a
government motion is "a necessary prerequisite" to the
granting of the third point.  *United States v. Sloley*, 464
F.3d 355, 359 (2d Cir. 2006) (citing *United States v.
Moreno-Trevino*, 432 F.3d 1181, 1185-86 (10th Cir. 2005);
*United States v. Wattree*, 431 F.3d 618, 623-24 (8th Cir.
2005); *United States v. Smith*, 429 F.3d 620, 628 (6th Cir.
2005)); *see* U.S.S.G. § 3E1.1 cmt. n.6 ("[A]n adjustment
under subsection (b) may only be granted upon a formal
motion by the Government at the time of sentencing.").

In two circumstances, however, a sentencing court is permitted to grant the additional point reduction despite the absence of a government motion:  (1) where the government's refusal to move is based on an unconstitutional motive, or (2) where a plea agreement leaves the decision to move to the government's discretion and the government acts in bad faith.  *Sloley*, 464 F.3d at 360, 361.

We hold that the government's refusal to move for a third-point reduction under § 3E1.1(b) in this case was based on an unlawful reason, as the government could not refuse to move on the grounds that it had been required to prepare for a *Fatico* hearing.

First, the plain language of § 3E1.1(b) refers only to the prosecution resources saved when the defendant's timely guilty plea "permit[s] the government to avoid preparing *for trial*."  U.S.S.G. § 3E1.1(b) (emphasis added). Here, although Lee contested certain aspects of the PSR and requested a *Fatico* hearing, it is undisputed that his guilty plea was timely and spared the government from "preparing for trial."  A *Fatico* hearing is not a trial, and Lee's post-plea objections to the PSR did not require the government to prepare "for trial."  Under the plain language of § 3E1.1(b), then, the government's refusal to move for the third-point reduction was not justified, notwithstanding

its preparation for a *Fatico* hearing that proved to be narrower than anticipated.[1]

Second, the Application Notes for § 3E1.1 similarly refer only to the government's ability "to determine whether the defendant has assisted authorities in a manner that avoids preparing *for trial*." § 3E1.1 cmt. n.6 (emphasis added). The Notes do not refer to resources saved by avoiding preparation for a *Fatico* hearing or any other proceeding. Hence, the Notes confirm that the government could not properly withhold its motion merely because it was required to prepare for a *Fatico* hearing. *See Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or [is] a plainly erroneous reading of, that guideline.").

Third, a defendant -- even one who pleads guilty -- has a due process right to reasonably contest errors in the PSR that affect his sentence. *United States v.*

---

[1] Other circuits have suggested that "[a]s amended, the touchstone of § 3E1.1 is no longer trial preparation, but rather the presence of a government motion for the third-level reduction." *United States v. Beatty*, 538 F.3d 8, 16 (1st Cir. 2008); *see also United States v. Johnson*, 581 F.3d 994, 1002 (9th Cir. 2009) ("When § 3E1.1(b) speaks of conserving government resources in the 'prosecution' of the defendant's 'misconduct,' it means more than simply trial preparation."). While we agree that the language of § 3E1.1(b) requires a government motion, it still refers to "permitting the government to avoid preparing *for trial*." U.S.S.G. § 3E1.1(b) (emphasis added).

*Eschman*, 227 F.3d 886, 890 (7th Cir. 2000) (holding that "criminal defendants . . . have a due process right to be sentenced on the basis of reliable information"). A defendant should not be punished for doing so. If there is a good faith dispute as to the accuracy of factual assertions in the PSR, the defendant's request that the dispute be resolved is not a permissible reason for the government to refuse to make the § 3E1.1(b) motion, even if resolution of the dispute requires a *Fatico* hearing. The government's refusal to make the motion under these circumstances is "unlawful and grounds for reproach" because it ignores the language of the guideline, its purpose, and the intent of Congress. *Sloley*, 464 F.3d at 360.

The court, not the government, imposes sentence, and the court is entitled to a full and accurate record -- as are the parties -- before sentence is imposed. As long as the defendant disputes the accuracy of a factual assertion in the PSR in good faith, the government abuses its authority by refusing to move for a third-point reduction because the defendant has invoked his right to a *Fatico* hearing.

A recent decision of the Fourth Circuit is instructive. In *United States v. Divens*, No. 09-4967, 2011 WL 2624434 (4th Cir. July 5, 2011), the defendant refused to

sign a plea agreement waiving his right to appeal.  The government declined to move for the third-point reduction under § 3E1.1(b) on the grounds that the defendant's refusal to sign an appeal waiver would mean that the government would have to expend resources to defend an appeal.  *Id.* at **1, 4.

Relying on the plain language of § 3E1.1(b) and its commentary, the Fourth Circuit held that the government could not refuse to make the motion on this basis.  *Id.* at *5.  The court held that § 3E1.1(b) "instructs the Government to determine simply whether the defendant has 'timely' entered a 'plea of guilty' and thus furthered the guideline's purpose in that manner.  It does not permit the Government to withhold a motion for a one-level reduction because the defendant has declined to perform some other act to assist the Government."  *Id.*  These observations apply with equal force here.

B.  *Substantive Reasonableness*

In light of our ruling above, we do not reach the issue of substantive reasonableness, but we do reject Lee's arguments regarding:  (1) the disparity between his sentence and those imposed on his co-defendants, (2) his lack of a prior criminal record, and (3) his medical condition.

Regarding the alleged sentencing disparity, we note that the district court addressed Lee's argument, identifying several key respects in which he and his co-defendants were not similarly situated.  Notably, Lee (1) was the leader of the organization, (2) paid a co-defendant not to cooperate with law enforcement authorities, and (3) threatened to kill the couriers.  *See United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006) (holding that "disparity between *non-similarly situated* co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)").

As for Lee's criminal history, the district court carefully considered his personal circumstances and weighed his law-abiding past against the fact that his present crimes "were ongoing, . . . not just [a] one time thing."

Finally, with respect to Lee's medical condition, the parties discussed whether the Bureau of Prisons was capable of addressing his health needs, and the district court explicitly stated that it had considered the statutory factors.  *See Fernandez*, 443 F.3d at 30.

### *CONCLUSION*

For the foregoing reasons, the sentence is **VACATED** and the case is **REMANDED** for resentencing.