11-5183-cr
United States v. Babar

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand thirteen.

Present:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*
> LORETTA A. PRESKA,
> > *District Judge.*[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> > v.                                                                 No. 11-5183-cr

SYED BABAR,

> *Defendant-Appellant.*

---

For Appellee:           Eric J. Glover, Susan L. Wines, and Robert M. Spector, Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut.

---

[*] The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:          Katherine Alfieri, New York, NY.


Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Syed A. Babar, following his conviction for wire fraud, mail fraud, false statements, and conspiracy in violation of 18 U.S.C. §§ 371, 1001, 1341, & 1343, appeals his sentence of 120 months of imprisonment. The defendant was the alleged ring-leader of a multimillion dollar fraud scheme in which he and his co-conspirators sold property to fake buyers for above market value, obtained a mortgage for the higher amount, and pocketed the profit.

About six weeks before trial, Babar—without the benefit of a plea agreement—pled guilty to all fourteen counts of the indictment against him. The district court imposed a number of sentencing enhancements, including for Babar's leadership role in the scheme, and also granted a two-level reduction in his Guidelines range for acceptance of responsibility. The resulting Guidelines range was 108 to 135 months, and the court sentenced Babar to 120 months of imprisonment.

On appeal, Babar contends that: (1) the leadership role enhancement was not supported by sufficient factual findings; (2) his sentence was grossly disproportionate to the lesser sentences received by his co-defendants; (3) the district court should have given him an additional one-point reduction for his acceptance of responsibility; (4) he should have received a

2

downward departure for overlapping sentencing enhancements; and (5) his sentence was substantively unreasonable. We assume the parties' familiarity with the facts and procedural history of this case.

We first conclude that the district court's imposition of the leadership enhancement was not plain error.[1] A defendant who is "an organizer or leader of a criminal activity that involved five or more participants" receives a four level enhancement. U.S.S.G. § 3B1.1. In distinguishing between such a leader and a mere "manager," a district court is supposed to consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." *Id.* cmt. n.4. More than one person can qualify as a leader. *Id.*

Although a district court must make "specific findings as to why a particular [role] adjustment applies," *United States v. Ware*, 577 F.3d 442, 451 (2d Cir. 2009), the court usually "satisfies its obligation to make the requisite specific factual findings when," as the district court did in this case, "it explicitly adopts the factual findings set forth in the presentence report," *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). This rule applies even where the district court does not explicitly consider the factors outlined in the comments to U.S.S.G. § 3B1.1, *id.* at 276, as long as the facts in the pre-sentence report ("PSR") are adequate to support

_____

[1] A defendant must show plain error where, as here, he fails to object to the sentencing enhancement in the district court. To prove plain error, Babar must show: (1) an error; (2) the error is obvious; (3) the error affected his substantial rights (which typically means it affected the outcome of the proceedings); and (4) the error seriously affects the fairness and integrity of the judiciary. *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010).

3

imposition of the enhancement, *see United States v. Huerta*, 371 F.3d 88, 92-93 (2d Cir. 2004).

Contrary to Babar's contentions, the factual findings embodied in the PSR were more than

sufficient to support the leadership enhancement. Babar recruited straw buyers for the scheme as

well as the lawyer who helped them perpetrate the fraud. He met with the sellers to agree on an

above market price for the properties and arranged the fraudulent appraisals. Moreover, he

exercised a degree of control over other members of the conspiracy by directing one to open a

fraudulent bank account and by making some of the payouts. The conspiracy's lawyer,

specifically, "did whatever Babar wanted." In sum, the PSR indicates that Babar was involved

in every phase of the conspiracy and was, if not *the* leader, at least *a* leader or organizer of the

illegal activity. *See* U.S.S.G. § 3B1.1 cmt. n.4 (noting that there can be more than one leader).[2]

The factual findings adopted by the district court were sufficient to support the enhancement.

When imposing a role enhancement, the district court must also satisfy a separate

obligation to "state in open court the reasons for its imposition of a particular sentence." 18

U.S.C. § 3553(c). However, "th[is] 'open court' requirement may [also] be satisfied by the

district court adopting the PSR in open court." *Molina*, 356 F.3d at 277. The court here adopted

the PSR in open court, and, therefore, it did not procedurally err in imposing the leadership

enhancement. Additionally, because the district court found sufficient facts to determine that

Babar was the leader of the conspiracy, we see no error in its decision to impose a longer

sentence on Babar than on his less culpable co-conspirators.

---

[2] Because there can be more than one leader, we do not find persuasive Babar's
argument that the PSR cannot support a leadership enhancement because it sometimes attributes
actions to "Babar and others." The fact that others may have taken on certain leadership roles
does not mean that Babar was not a leader.

4

We also find that the district court correctly refused to grant an additional reduction of one level for Babar's acceptance of responsibility.[3] A defendant receives this additional reduction if he "timely notif[ies] the authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial." U.S.S.G. § 3E1.1. However, a motion by the government stating that the defendant should receive such a reduction is—with very limited exceptions—"a necessary prerequisite" to the reduction. *United States v. Lee*, 653 F.3d 170, 173 (2d Cir. 2011) (internal quotation marks omitted). A district court is only permitted "to grant the additional point reduction despite the absence of a government motion . . . where the government's refusal to move is based on an unconstitutional motive, or . . . where a plea agreement leaves the decision to move to the government's discretion and the government acts in bad faith." *Id.* Here, there is no non-cursory allegation of an unconstitutional motive, and there was no plea agreement. In any event, the government was well within its discretion in determining that an additional reduction was not warranted because, given the complexity of the case, a plea only six weeks before trial did not save it from substantial trial preparation.

Babar's next contention is that the district court was required to grant him a downward departure because many of his sentencing enhancements were substantially overlapping. We have indeed held that a district can may grant a downward departures where the enhancements imposed are "little more than different ways of characterizing closely related aspects of [the defendant's] fraudulent scheme." *E.g., United States v. Jackson*, 346 F.3d 22, 26 (2d Cir. 2003). However, we have also explicitly held that "the decision whether to depart . . . if made at all . . .

---

[3] We again review for plain error because Babar failed to object below. Here, there was no error, let alone a plain one.

5

remain[s] within the discretion of the sentencing judge." *United States v. Lauersen*, 362 F.3d 160, 167 (2d Cir. 2004), *vacated on other grounds by* 543 U.S. 1097 (2005). As such, "a refusal to downwardly depart is generally not appealable" unless "a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam) (internal quotation marks omitted); *see also Jackson*, 346 F.3d at 26 (stating that the departure was "in the discretion of the [d]istrict [c]ourt" and remanding only because the district court was operating under the impression that it was not permitted to depart).

"We presume that district courts are aware of their authority to depart downward . . . [except] where there is clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *United States v. Gonzalez*, 281 F.3d 38, 42 (2d Cir. 2002) (citation and internal quotation marks omitted). There is no such clear evidence in this case. In fact, the court acknowledged at sentencing that Babar had "advanced several reasons for why [it] should depart in determining the guidelines range," App'x at 162, but, in its discretion, declined to grant any departures. Although the court did not explicitly mention Babar's argument that his enhancements overlapped, district courts are not required to "state 'for the record' . . . that they are aware of this or that arguable authority to depart but that they have consciously elected not to exercise it." *United States v. Diaz*, 176 F.3d 52, 122 (2d Cir. 1999) (internal quotation marks omitted). Therefore, we will not review the district court's decision not to award a downward departure.

Lastly, we conclude that Babar's sentence of 120 months was not substantively unreasonable. We will only find a sentence substantively unreasonable in the "rare case" where

6

the sentence imposed would "damage the administration of justice because [it] was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Here, Babar's sentence was near the middle of the Guidelines range, and, like "the overwhelming majority of cases [involving] a Guidelines sentence," it "fall[s] comfortably within the broad range of [reasonable] sentences." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). The district court considered Babar's arguments that his young age, lack of criminal record, and rehabilitation warranted a lower sentence, and we find no error in its ultimate conclusions that Babar's culpability and "duality" of nature justified the sentence imposed.

We have considered Babar's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK