11-4015-cr (L)
United States v. Hua

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand thirteen.

Present:
>    ROBERT D. SACK,
>    PETER W. HALL,
>    DEBORAH ANN LIVINGSTON,

>    *Circuit Judges.*

_____

United States of America,

>    Appellee,

v.                                                         No. 11-4015-cr(L)
                                                            11-4367-cr(con)

Shi Xing Dong, AKA Xiao Qing,

>    Defendant,

Jiang Yan Hua, Kuo Chen,

>    Defendants - Appellants.

_____

FOR APPELLANTS:          Benjamin B. Xue, Xue & Associates, P.C., New York, New York.

                         Joyce C. London, Joyce C. London, P.C., New York, New York

FOR APPELLEE:             Darren A. LaVerne, (Emily Berger, Una A. Dean, *on the brief*), Assistant United States Attorneys, *of counsel for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendants-Appellents Jiang Yan Hua ("Jiang") and Kuo Chen ("Chen"), and Defendant Shi Xing Dong's convictions have their roots in the defendants' attempt to force a rival bus service out of business in order to acquire its route and customer base. Jiang pled guilty to one count of conspiracy to extort in violation of 18 U.S.C. § 1951(a) and was sentenced, *inter alia*, to eighty months' imprisonment to be followed by three years of supervised release. Kuo Chen proceeded to trial and was convicted of attempted extortion and conspiracy to extort in violation of 18 U.S.C. §§ 1951(a) and 3551 *et seq.* Chen was sentenced, *inter alia*, to one hundred eight months' imprisonment. Defendant Shi Xing Dong pled guilty to one count of extortion conspiracy pursuant to a cooperation agreement and proceeded to testify against Chen at trial. He does not join in this appeal.

Chen challenges the sufficiency of the evidence supporting his conviction and the substantive reasonableness of his sentence. Jiang argues his sentence should be vacated on the ground that the district court committed a procedural error in calculating the sentence. We assume the parties' familiarity with the facts and procedural posture of this case, and we will address each basis for the defendants' appeal in turn.

2

**I.     Sufficiency of the Evidence at Trial**

Chen alleges that he is entitled to a new trial because the government presented insufficient evidence to show that he attempted to obtain the victim's property by coerced consent or that he was a participant in the underlying extortion conspiracy. On a challenge to the sufficiency of the evidence, we review the record "in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor." *United States v. Payne*, 591 F.3d 46, 59 (2d Cir. 2010). Under this standard, "a conviction must be affirmed if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Judgments regarding the credibility of witnesses are uniquely within the province of the jury. *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010) ("In reviewing a claim that the evidence was insufficient to sustain a defendant's conviction, we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility") (internal quotations omitted.).

The Hobbs Act imposes criminal liability on "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do." 18 U.S.C. § 1951(a). Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The inquiry into whether the element of obtaining property is met depends on "whether the defendant is (1) alleged to have carried out (or, in the case of attempted extortion, attempted to carry out) the deprivation of a property right from another, with (2) the intent to

3

exercise, sell, transfer, or take some other analogous action with respect to that right." *United States v. Gotti,* 459 F.3d 296, 324 (2d Cir. 2006). "The right to pursue a lawful business has long been recognized as a property right." *United States v. Sekhar*, 683 F.3d 436, 440 (2d Cir. 2012) *cert granted*, 12-357, 2013 WL 135536 (U.S. Jan. 11, 2013) (internal quotation marks and alteration omitted). As to the element of consent, "[t]he essential requirement to establish extortion is . . . that the victim retained some degree of choice in whether to comply with the extortionate threat, however much of a Hobson's choice that may be." *United States v. Cain*, 671 F.3d 271, 283 (2d Cir. 2012) (internal quotation marks omitted). "[W]e have found evidence sufficient to support a conspiracy conviction where circumstantial evidence establishes that the defendant associated with the conspirators in furtherance of the conspiracy." *United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir. 2002).

The evidence presented at trial, viewed in the light most favorable to the verdict, amply supports Chen's conviction under the Hobbs Act. Chen first argues that the evidence cannot support a Hobbs Act conviction because the aim was not to get the victim to consent to give up his bus route, but rather to injure him so that he would be unable to drive the bus route. This argument is critically flawed in that even were the victim so injured that he was unable to drive on his own, he would still be able to operate the bus route when he regained his ability to drive or if he delegated the driving to an employee. "The argument overlooks the fact that the property interest that was subject of the extortion counts was not the [victim's] right to operate during any specific period of time, but rather [his] right to perform certain work and to solicit business going forward." *Cain*, 671 F.3d at 283. Chen's argument also ignores other evidence which demonstrated an ongoing attempt to intimidate the victim into giving up his bus route, including testimony about a threatening phone call the victim received on July 19, 2010, from a prepaid

4

cell number that belonged to Chen. The record supports the jury's finding that Chen intended to coerce the victim into giving up his right to pursue his lawful business. *See, e.g., Sekhar*, 683 F.3d at 440.

Chen's remaining challenge to his conviction largely amounts to an attack on the credibility of the prosecution's main witness — Chen's co-defendant Dong. Questions of witness credibility are properly left in the capable hands of the trial jury, *see Sabhnani*, 599 F.3d at 241, and we decline to set aside that determination on appeal. Chen's argument also disregards the record evidence corroborating Dong's testimony, including an eyewitness identification by the victim, telephone records linking Chen to other members of the conspiracy and placing him at the location of the assault on the night it happened, and business cards showing that Chen was an owner in a start-up bus company that rivaled the victim's. In light of the record before the trial court, we find that the evidence presented was sufficient to sustain Chen's conviction.

## II. Substantive Reasonableness of Chen's Sentence

This court reviews a district court's sentencing determination for reasonableness, which is "a deferential standard limited to identifying abuse of discretion." *United States v. Lee*, 653 F.3d 170, 173 (2d Cir. 2011) (internal quotation omitted). "Reasonableness review consists of two prongs: first, we must ensure that the district court committed no significant procedural error, and second, if we find the sentence to be procedurally sound, we must take into account the totality of the circumstances and consider the substantive reasonableness of the sentence." *Id.* (internal quotation omitted). "A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*)

5

(citation omitted). In general, we are "entitled to assume that the sentencing judge understood all the available sentencing options, including whatever departure authority existed in the circumstances of the case." *United States v. Sanchez*, 517 F.3d 651, 665 (2d Cir. 2008) (internal quotation marks omitted). If no procedural error has occurred, this court will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009) (quoting *Cavera*, 550 F.3d at 189). In essence, this court's inquiry is "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (internal alterations and quotation marks omitted). "We review the district court's interpretation of the Guidelines *de novo* and its findings of fact for clear error." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007).

Chen claims, first, that there was insufficient evidence to support the district court's sentencing decision, and second, that the § 3553(a) factors support a more lenient sentence. In light of the facts established beyond a reasonable doubt at trial, it is clear that the district court's sentencing decision was fully supported by the evidence before it. Chen presents no evidence, and does not argue, that the district court improperly calculated his guidelines range or failed to consider the §3553(a) factors. The record shows that the district court correctly calculated the guidelines range. After full consideration of the § 3553(a) factors and relying on the facts at trial, the court sentenced Chen to 108 months' imprisonment. In light of the court's thorough consideration of the record and the defendant's circumstances, the defendant's sentence of 108 months' imprisonment is not substantively unreasonable. Chen's challenge to his sentence is therefore without merit.

6

**III.    Challenge to Procedural Reasonableness of Jiang's Sentence**

On appeal, Jiang, who pled guilty below, argues that the district court erred (1) in concluding that it lacked the authority to grant Jiang's request for a third level reduction for acceptance of responsibility and (2) in failing to grant such a reduction.   When an issue is not raised below, we review only for plain error.  *Villafuerte*, 502 F.3d at 207.  Section 3E1.1 of the Sentencing Guidelines states that:

> (a)     If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by two levels.
>
> (b)     If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

The law in this circuit recognizes that "a government motion is a necessary prerequisite to the granting of the third point."  *Lee*, 653 F.3d at 173 (internal quotation marks omitted).  The sentencing court may grant the additional reduction for acceptance of responsibility in the absence of a government motion only: "(1) where the government's refusal to move is based on an unconstitutional motive, or (2) where a plea agreement leaves the decision to move to the government's discretion and the government acts in bad faith."  *Id.*

The district court determined that Jiang was entitled to the two level decrease in his offense level in light of his cooperation with law enforcement.  The court, however, went on to conclude that it "may not award the third point because the government must make that motion to do so and obviously it's not making a . . . motion for the third point."  While Jiang asserted before the district court, as he does here, that he was entitled to a three point reduction, he did not

assert that the government had acted with an unconstitutional motive or that the government's decision was made in bad faith when it refused to make that motion. Because that argument is unpreserved, we review only for plain error the district court's decision not to award a three point reduction for acceptance of responsibility in the absence of a government motion. *See Villafuerte*, 502 F.3d at 209 ("To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights."). Jiang did not assert that the government acted in bad faith or for an impermissible reason when it declined to move for a three point reduction for acceptance of responsibility. Throughout the sentencing, the district court repeatedly emphasized the advisory nature of the guidelines. It concluded correctly that it could not award a third point decrease to the guidelines calculation for acceptance of responsibility in the absence of the government's request. Consequently, the district court committed no error in this regard, much less plain error. Moreover, the defendant having argued alternative bases for the imposition of a below guidelines sentence, the court, in fact, acceded to that request, imposing a below Guidelines sentence of 80 months' imprisonment. Even if the district court had erred, which it did not, the court's robust consideration of the record before it and the defendant's circumstances demonstrate that the defendant's substantial rights were not affected. We therefore affirm the sentence imposed by the district court.

## IV.    Conclusion

We have considered all of the defendants' remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8