**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4596**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANTHONY EARL RIVERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:12-cr-00388-FL-1)

Submitted: May 19, 2014                    Decided: May 22, 2014

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Earl Rivers appeals from his forty-six-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, Rivers contends that the district court erred by (1) failing to order the Government to file a motion for an additional one-point offense level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(b) (2012); (2) failing to adequately explain Rivers' sentence; and (3) imposing an unreasonably harsh sentence. We affirm.

I.

Rivers first argues that the district court erred in failing to award him an extra one-point reduction for acceptance of responsibility. In United States v. Divens, 650 F.3d 343 (4th Cir. 2011), we explained that the Government may not refuse to make a § 3E1.1(b) motion for reasons other than a defendant's failure to fulfill the prerequisites listed therein, which include: (1) qualifying for application of § 3E1.1(a), (2) an offense level of sixteen or greater prior to the application of § 3E1.1(a), and (3) assisting the Government in the investigation or prosecution of the defendant's offense by timely notifying authorities of his intention to plead guilty, thereby allowing the Government to avoid trial preparation and permitting the efficient allocation of Government and court

2

resources.  Id. at 345-47 (§ 3E1.1(b) does not allow the Government to refuse to move for the additional reduction solely because the defendant has declined to perform some other action beneficial to the Government); see also United States v. Lee, 653 F.3d 170, 173-75 (2d Cir. 2011) (holding that Government abuses its discretion when it refuses to make a § 3E1.1(b) motion for reasons that are not closely tied to its avoidance of preparing for trial).  Thus, if the Government's refusal to make a motion for the third § 3E1.1 downward departure point is based on something other than the fact that the defendant's failure to timely accept responsibility required the Government to prepare for trial, the district court has the authority to order the Government to file a motion for reduction.  See Divens, 650 F.3d at 350.

Here, the Government averred that it chose not to file the motion because it had fully prepared for trial.  While Rivers disputes how complete the Government's trial preparation was prior to his plea, he does not dispute that the Government chose not to file a § 3E1.1(b) motion because it believed that Rivers' delay in pleading guilty caused it to expend time and resources in developing readiness for trial.  In fact, the Government informed Rivers when its trial preparation was about to begin and warned Rivers that he needed to plead guilty prior to that time.  Rivers, however, delayed his guilty plea for

nearly two more months until a week prior to trial. We conclude that, because the Government's refusal to make the disputed motion was based on a permissible reason, the court lacked the authority to order the Government to file the motion. See USSG § 3E1.1 cmt. n. 6 ("[T]he Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial ...."); see also Divens, 650 F.3d at 346 ("[T]he Government retains discretion to determine whether the defendant's assistance has relieved it of preparing for trial."). Accordingly, Rivers' claim is without merit.

## II.

Rivers next contends that the district court did not provide sufficient reasoning for the above-Guidelines sentence.[1] We must ensure that the district court adequately explained the sentence imposed. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through [18 U.S.C.] § 3553(a) [2012]'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the

---

[1] Rivers' Guidelines range was thirty to thirty-seven months in prison.

case before it.  This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'"  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal citation and footnote omitted)).  Because Rivers did not argue for a specific sentence, we review for reasonableness under a plain error standard.  United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010).

Our review of the sentencing hearing transcript reveals that the district court provided a detailed, individualized explanation to support its sentence.  Contrary to Rivers' contentions, the court addressed the specific sentencing factors in Rivers' case, including the details of his offense, his criminal background, and the need for treatment.  Moreover, the court specifically tied the facts of Rivers' case to the purposes of sentencing outlined in § 3553.  As such, there was no procedural error in the court's explanation of sentence.

III.

Rivers asserts that the district court's imposition of an upward variance rendered his sentence substantively unreasonable because the court failed to account for his difficult upbringing and failed to provide a sufficient justification, rendering Rivers' sentence greater than necessary

5

to fulfill the purposes of sentencing. When the district court imposes a variance sentence, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). A greater variance requires more substantial justification. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011). We will affirm if "the § 3553(a) factors, on the whole, justified the sentence" imposed. Id. at 367 (internal quotation marks omitted).

We find that Rivers' argument is without merit. The district court acknowledged Rivers' background and childhood and balanced that against the seriousness of his offense and his danger to society. In subsequently imposing a variance sentence based upon the totality of the circumstances, the court emphasized the need to not trivialize Rivers' conduct and to deter future criminal behavior. In so doing, the court noted Rivers' failure to fully accept responsibility, his gang membership,[2] the danger inherent in his criminal offense, the

---

[2] In his reply brief, Rivers denies that he is a member of a gang. However, the district court overruled his objection below, and Rivers provides no evidence undermining the district court's factual finding that Rivers belonged to a gang.

obstruction involved in his offense, and the need for treatment. These considerations speak directly to several § 3553(a) factors.

While Rivers avers that his sentence was greater than necessary to comply with the statutory factors, we do not review a sentence to determine if it is greater than necessary; instead, we review a sentence for reasonableness and an abuse of discretion, and more than one sentence can be substantively reasonable. United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008) (citation omitted) ("[T]here is not a single reasonable sentence but, rather, a range of reasonable sentences. Consequently, reversal will result if-and only if-the sentencing court's ultimate determination falls outside the expansive boundaries of that universe."). Given the district court's consideration of the parties' arguments and the § 3553(a) sentencing factors, and its articulation of appropriate reasons warranting an upward variance, we defer to the district court's determination as to the extent of the variance and find Rivers' sentence to be substantively reasonable. United States v. Hargrove, 701 F.3d 156, 163-64 (4th Cir. 2012) (affirming variance from zero-to-six-month Guidelines range to sixty-month sentence), cert. denied, 133 S. Ct. 2403 (2013); Diosdado-Star, 630 F.3d at 366-67 (affirming variance sentence six years

greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors).

Based on the foregoing, we affirm Rivers' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8