13-4842-cr
*United States v. Shteyman*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fifteen.

PRESENT:

> RALPH K. WINTER,
> CHESTER J. STRAUB,
> SUSAN L. CARNEY,
>
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                        No. 13-4842-cr

DMITRY SHTEYMAN,

> *Defendant-Appellant*,

ALEKSEY SHTEYMAN, MAXSIM SHVEDKIN, SARA KALANTAROV, ILYA GERSHKOVICH, PELAGEYA KOTELSKY, EVGENY GIL, YEFIM KORNFELD, VALENTINA MUSHINSKAYA, SHELYA PINSKAYA, VLADMIR RUBIN, JESSE A. STOFF, M.D., BILLY N. GERIS, M.D., AND MARIA NAKHBO,

> *Defendants.**

---

* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

FOR DEFENDANT-APPELLANT:  MARTIN J. SIEGEL, New York, NY (Jillian S. Harrington, Monroe Township, NJ, *on the brief*).

FOR APPELLEE:  SANGITA K. RAO, Attorney, Appellate Section, Criminal Division, U.S. Department of Justice, Washington, DC (Loretta E. Lynch, United States Attorney for the Eastern District of New York, Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, and Catherine Votaw and Ellen R. Meltzer, Attorneys, Fraud Section, Criminal Division, U.S. Department of Justice, *on the brief*).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on December 20, 2013, is **AFFIRMED**.

Defendant-Appellant Dmitry Shteyman appeals from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*) sentencing him to 97 months' imprisonment to be followed by a 3-year term of supervised release and ordering him to pay $1,489,909.40 in restitution to the Centers for Medicare & Medicaid Services. (Shteyman was separately ordered to forfeit $1,489,909.40 to the United States.)  The sentence was based on Shteyman's conviction, following a guilty plea, of conspiring to commit health care fraud, *see* 18 U.S.C. §§ 1347, 1349.  On appeal, Shteyman contends that the District Court committed procedural and substantive error in imposing this sentence. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

In a sentencing appeal, "the role of the Court of Appeals is limited to examining a sentence for reasonableness, which is akin to review under an 'abuse of discretion'

2

standard." *United States v. Byors*, 586 F.3d 222, 225 (2d Cir. 2009). "Reasonableness review involves consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." *United States v. Mazza-Alaluf*, 621 F.3d 205, 213 (2d Cir. 2010) (internal quotation marks omitted). When a sentencing challenge was not raised in the district court, the challenge "will be deemed forfeited on appeal and addressed only upon a showing that the court committed plain error." *United States v. Coriaty*, 300 F.3d 244, 252 (2d Cir. 2002) (internal quotation marks omitted).

## I.    Procedural Challenges

When imposing sentence, a district court is required to consider a number of factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (6). In addition, "[t]he court, at the time of sentencing, [must] state in open court the reasons for its imposition of the particular sentence . . . ." *Id.* § 3553(c). A court "errs procedurally if it does not consider the § 3553(a) factors" or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Shteyman contends that the District Court committed procedural error in both of these respects. Because Shteyman raises these arguments for the first time on appeal, we review for plain error.

We "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged h[is] duty to consider the statutory factors" laid out in 18 U.S.C. § 3553(a). *Cavera*, 550 F.3d at 193 (internal quotation marks omitted). Shteyman, focusing on § 3553(a)(6), attempts to rebut this presumption by pointing to the prison sentences of his co-defendants and the mean and median prison sentences for fraud in the Second Circuit and nationally in 2013, all of which were shorter than Shteyman's

3

sentence.[1]  None of this evidence, however, demonstrates the existence of an unwarranted disparity and, in turn, a lack of consideration by the District Court:  Section 3553(a)(6) "does not require a district court to consider disparities between co-defendants" at all.  *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008).  And the proffered statistics "provide no details underlying the sentences" and are thus "unreliable to determine unwarranted disparity." *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) (internal quotation marks omitted).  In the absence of persuasive evidence of an unwarranted disparity or any other evidence that the court did not consider the need to avoid such disparities, Shteyman has failed to show that the court committed error, let alone plain error.

Shteyman also suggests that the District Court committed procedural error by failing adequately to explain its chosen sentence in open court.  Generally, "a brief statement of reasons will . . . suffice where the parties have addressed only straightforward, conceptually simple arguments to the sentencing judge."  *Cavera*, 550 F.3d at 193 (internal quotation marks omitted).   In some cases, "the 'open court' requirement may be satisfied by the district court adopting the PSR in open court."  *United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004).  The arguments presented by the parties to the District Court here were straightforward and simple: the government focused on Shteyman's leadership role in the scheme, while Shteyman's counsel focused on Shteyman's family circumstances, medical conditions, and pursuit of further studies while detained awaiting sentencing.  Given the nature of the arguments before the court, the district judge did not plainly err by merely adopting the PSR in open court and stating generally that he was considering the § 3553(a) factors.

---

[1] If Shteyman were "assert[ing] that the district court failed to accord the § 3553(a)(6) factor sufficient mitigating weight, he [would be] rais[ing] a substantive challenge."  *Mazza-Alaluf*, 621 F.3d at 214.  Because Shteyman makes his argument within the rubric of procedural unreasonableness, we take him to be arguing that the District Court did not adequately consider the § 3553(a)(6) factor, rather than that the court did not accord the factor sufficient weight.  We address Shteyman's substantive challenges separately in Part II.

**II.    Substantive Challenges**

Shteyman also contends that his sentence was substantively unreasonable.  In so doing, he points to a number of factors, including the District Court's failure to reduce his offense level by a third point under U.S.S.G. § 3E1.1(b) based on his claimed extraordinary acceptance of responsibility.

To the extent that Shteyman contends that the court erred in its Guidelines calculation, this is really a procedural argument, *see Cavera*, 550 F.3d at 190, and it is without merit.  A government motion is "a necessary prerequisite" to a court's reducing an offense level by a third point under U.S.S.G. § 3E1.1(b) unless the government has acted in bad faith with respect to a plea agreement or has refused to move for the reduction based on an unconstitutional motive.  *United States v. Lee*, 653 F.3d 170, 173 (2d Cir. 2011) (internal quotation marks omitted).  Here, the government never moved for the reduction and Shteyman does not argue that either exception applies.  In this posture, the District Court was without power to award the third point and thus did not err in declining to do so.

None of Shteyman's truly substantive arguments has merit, either.  Substantive reasonableness review "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."  *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).  Shteyman points to his cooperation with the government, his acceptance of responsibility, his medical conditions, his parents' ill health, the nature of his past crimes, the volume of supportive letters submitted on his behalf, his pursuit of further studies, and his co-defendants' lesser sentences as reasons for concluding that his sentence was substantively unreasonable.  But these factors do not demonstrate that his sentence was shockingly high or unsupportable as a matter of law, particularly when considered in light of Shteyman's leading role in the multimillion-dollar conspiracy to defraud the federal government and evidence that Shteyman was not fully honest with the government in the course of his promised cooperation.

* * *

We have considered Shteyman's remaining arguments and find them to be without merit. For the reasons set out above, we **AFFIRM** the judgment of the District Court.


                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court