17-2211-cr
United States v. Balbuena-Carreon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of May, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                                     17-2211-cr

MIGUEL JOSE BALBUENA-CARREON,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Philip L. Weinstein, Federal Defenders of New York, Inc., New York, N.Y.

Appearing for Appellee:     Adam Hobson, Assistant United States Attorney (Margaret Graham, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Miguel Jose Balbuena-Carreon appeals from the July 17, 2017 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*), sentencing him principally to 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In May 2017, Balbuena-Carreon pled guilty to illegal reentry after removal in violation of 8 U.S.C. § 1326. The government and probation department calculated an anticipated Guidelines sentence of 8 to 14 months. Before sentencing, however, Balbuena-Carreon submitted a letter to the district court in which he admitted to having been present in the United States since 2006. This admission altered the Guidelines sentence for Balbuena-Carreon, because his 1996 narcotics conviction (for which he finished serving his term of confinement in 2000) was now within 15 years of the instant offense (i.e., illegal reentry). The addition of this past conviction to the Guidelines calculation now gave Balbuena-Carreon a Guidelines sentence of 41 to 51 months' imprisonment. The district court granted a significant downward variance and sentenced Balbuena-Carreon to 24 months' imprisonment, followed by one year of supervised release.

Balbuena-Carreon now appeals the sentence imposed by the district court, arguing that the district court procedurally erred in failing to award him an additional one-point reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b) (2016).

"A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (internal citations omitted). When a procedural error in sentencing is not objected to before the district court we review only for plain error. *United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015). Plain error regarding procedural unreasonableness requires a finding that:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

The Guidelines provide for a two-point decrease for acceptance of responsibility, per U.S.S.G. § 3E1.1(a). Section 3E1.1(b) provides for an additional one-point decrease when the offense level is 16 or greater:

> [U]pon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing

for trial and permitting the government and the court to allocate their resources efficiently
. . . .

It is well-established law in this Circuit that "a government motion is a necessary prerequisite to the granting of the third point." *United States v. Lee*, 653 F.3d 170, 173 (2d Cir. 2011) (internal quotation marks omitted) (collecting cases). It is uncontested that the government did not file the required motion. We have acknowledged, however, two circumstances in which a sentencing court may grant the additional point reduction in the absence of a government motion: "(1) where the government's refusal to move is based on an unconstitutional motive, or (2) where a plea agreement leaves the decision to move to the government's discretion and the government acts in bad faith." *Id*. Neither exception is relevant in this case. There was no plea agreement, and Balbuena-Carreon does not argue there was an unconstitutional motive in the government's failure to move for the reduction. Accordingly, there was no error.

We have considered the remainder of Balbuena-Carreon's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3