United States v. Semidey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of July, two thousand twenty.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

                 v.                                        18-2256

WILLIAM SEMIDEY, AKA JUNE,

                 *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Randolph Z. Volkell, Merrick, N.Y.

Appearing for Appellee:      Brian P. Leaming, Assistant United States Attorney (Marc H. Silverman, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

_____

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

William Semidey appeals from the July 31, 2018 judgment of the United States District Court for the District of Connecticut sentencing him principally to 51 months' imprisonment after Semidey entered a plea of guilty to one count of unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Semidey first challenges his indictment based on *Rehaif v. United States*, in which the Supreme Court held that the defendant's knowledge of his belonging "to the relevant category of persons barred from possessing a firearm" is an element of a Section 922(g) offense. 139 S. Ct. 2191, 2200 (2019). He argues that because the indictment here does not contain such an allegation regarding his knowledge, it fails to allege an offense. Thus, Semidey argues, the court lacked subject matter jurisdiction, and the count must be dismissed.

Semidey's argument is foreclosed by our opinion in *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019). *Balde* found that "an indictment that does not clearly indicate that the defendant is required to know he or she is in a prohibited category may be deficient in some way . . . , but its absence does not mean that the indictment fails to allege a federal offense in the sense that would speak to the district court's power to hear the case." *Id*. at 90-91. Thus, "the indictment's failure to allege that [the defendant] knew [his status] was not a jurisdictional defect." *Id*. at 92. We thus decline to dismiss the indictment.

Semidey also argues that the district court abused its discretion in denying him an adjustment for acceptance of responsibility. The district court's denial of an offense level reduction based on acceptance of responsibility is reviewed for abuse of discretion. *See United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013). "Whether the defendant has accepted responsibility is a factual question, and a district court's determination in this regard should not be disturbed unless it is without foundation." *United States v. Harris*, 13 F.3d 555, 557 (2d Cir. 1994) (internal quotation marks and bracket omitted).

Semidey sought to withdraw his guilty plea on the ground that he did not participate in narcotics trafficking, despite his failure to challenge the presentence report's finding that Semidey was involved in heroin distribution. In addition, Semidey arguably breached the plea agreement by objecting to the stolen-firearm enhancement. Semidey's reliance on *United States v. Lee*, 653 F.3d 170 (2d Cir. 2011), is inapposite. *Lee* stands for the proposition that a defendant "has a due process right to reasonably contest errors in the PSR that affect [the] sentence." *Id.* at 174. But here Semidey challenges a fact he stipulated to in the plea agreement, not a fact contained in the presentence report. The district court acted well within its discretion to find such an argument demonstrated a failure to accept responsibility.

We have considered the remainder of Semidey's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk