NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0105n.06

Case No. 16-3731

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 14, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| STUART J. BOYKIN | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

BEFORE: DAUGHTREY, SUTTON, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Stuart Boykin pled guilty to various drug and firearms charges and received a two-level reduction for acceptance of responsibility under section 3E1.1(a) of the Sentencing Guidelines. The Government opted, however, not to move for an additional one-level reduction under section 3E1.1(b), so the district court declined to grant the reduction. Boykin appeals, arguing that the decision not to grant the reduction rendered his sentence procedurally and substantively unreasonable. For the reasons discussed below, we **AFFIRM** Boykin's sentence.

I.

In January 2016, a grand jury entered a superseding indictment charging Boykin with possession with intent to distribute twelve grams of fentanyl and heroin in violation of

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possessing firearms and ammunition during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The Presentence Investigation Report ("PSR") recommended that Boykin receive a two-level reduction for acceptance of responsibility under section 3E1.1(a) of the Guidelines and a one-level reduction for acceptance of responsibility under section 3E1.1(b). This resulted in a total offense level of 19, a criminal history category of IV, a guideline range of 46 to 57 months' imprisonment for counts one and two, and a 60-month sentence for count three to be served consecutively with the sentence imposed for counts one and two. As a basis for the three-level decrease for acceptance of responsibility, the PSR relied on the following statement made by Boykin regarding his crimes:

> I know that I have made a lot of poor decisions in my life and have done many things wrong. I thought at the time this happened I was helping out my best friend, someone that I used to call my brother. On the night of November 19, 2015 a little after midnight I was walking outside 196 Edwards Ave. in Akron with Devon Anderson. Devon had been shot a few weeks before and feared for his life. He had asked that I stay close to him and help him if something were to happen again. On this particular night we were walking to his car and as we got in shots came from behind us. I was able to get out of the car and run but Devon was shot and eventually died. I ran to a neighbor's house and asked them to call the police. When the police arrived they found a backpack with Fentanyl, my prescription medication and a loaded firearm. I told the police my exact involvement and took responsibility for the firearm. I still cannot believe that my best friend had been killed in front of me and I attempted to tell the police everything that I could remember. A few weeks later the police ended up charging me with possession of drugs and a gun.
>
> I have been a person who has always worked my entire life. I had what some people would call a rough childhood but I have always been able to maintain employment. When I didn't have enough money to support my family I would go to the streets and sell drugs. I am now 39 years old and cannot continue to live this life. I knew that I was not permitted to have a gun but for my friends and my safety I armed myself. I put myself in this position and will forever regret the decisions that I have made. I wish I could have helped Devon more than I did. It appears that everything I tried to do amount to nothing. I'm sorry to my family, my mom especially my children.

PSR 5–6, ECF No. 18, Page ID 74–75. In his sentencing memorandum, Boykin insisted that though he smoked marijuana and sold three grams of heroin while "providing security" to Anderson, there was no evidence to indicate that he was involved in trafficking heroin. Sentencing Mem. 2–3, ECF No. 20, Page ID 100–01.

> At the sentencing hearing, Boykin further stated:
>
> I would like to say I accept all responsibility to all my actions that I ever did in my life, including everything that happened on November 19. The guns that was in the car, the drugs was mine. I accept that responsibility to the fullest. . . . And I am sorry that I wasted y'all's time and everybody's time in here, on me because it's something that I did. That was wrong.

Sentencing Tr. 46:1–14, ECF No. 26, Page ID 168. The Government announced that it would not move for the one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) because it did not believe Boykin actually accepted responsibility. It insisted that Boykin only admitted to selling three grams of drugs, and disputed that he was involved in drug trafficking and that the firearm in his possession was used in drug trafficking. Defense counsel rebutted that Boykin did all that was required when he stated that he accepted responsibility for everything. Nonetheless, the district court observed that "since the government has not moved for that additional one level of acceptance of responsibility pursuant to Section 3E1.1(b), then the court cannot unilaterally impose that." *Id.* at 49:16–19, Page ID 171.

In light of the Government's arguments that Boykin's allocution was not specific to the crimes charged and suggestion that counsel assist him with his statement to make it clearer, the court gave Boykin another opportunity to clarify his acceptance of responsibility. Boykin responded that "I would like to say that I did possess the drugs at that time, that them drugs was mine and that the guns was mine. . . . I mean, what more do you want me to say? As far as – accepting these drugs, if I plead guilty to the charges, I mean [I] accepted my responsibilities."

*Id.* at 56:5–15, Page ID 178. After the court asked that Boykin confer with his counsel, he responded:

> I trafficked the drugs, but the gun wasn't in my possession when I trafficked the drugs. I had the drugs. I did make a drug sale that day. The gun wasn't with me that day. It was with me, but it wasn't with me when I went and did that. When I came back to the house when I got ready to leave, that's when I picked the gun back up. Then I left out of the house.

*Id.* at 56:19–25, Page ID 178. When the court asked him to verify that he agreed with everything in the PSR, Boykin responded: "To a certain extent, yeah." *Id.* at 57:19, Page ID 179. He then reasserted his disagreement with the fact that he had the gun when he was drug trafficking, but insisted that he "accept[ed] everything that's on this paper," yet he just wanted to "speak out" about "what really happened that day." *Id.* at 57:24–58:6, Page ID 179–80. The court then went on to consider the 18 U.S.C. § 3553(a) factors, noting that the guideline range without the additional one-level reduction was 51 to 63 months for counts one and two and 60 months on count three. It ultimately sentenced Boykin to a term of 48 months on counts one and two, to be served concurrently, and 60 months on count three, to be served consecutively with the two concurrent 48-month sentences. Boykin filed a timely notice of appeal. He argues his sentence is procedurally and substantively unreasonable.

## II.

We review the reasonableness of Boykin's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The reasonableness standard has both procedural and substantive components. For us to find the sentence procedurally reasonable, the district court must have:

> (1) properly calculated the applicable advisory Guidelines range; (2) considered the other [18 U.S.C.] § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties'

arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*United States v. Coleman*, 835 F.3d 606, 615 (6th Cir. 2016) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)). We next evaluate the substantive reasonableness of the sentence, focusing on whether the length of the sentence is greater than necessary to achieve the sentencing goals set forth in § 3553. *United States v. Kamper*, 748 F.3d 728, 739 (6th Cir. 2014). In making this determination, we look to the totality of the circumstances, *Gall*, 552 U.S. at 51, considering whether the court failed to take into account a relevant factor or gave an unreasonable amount of weight to any particular factor, *Kamper*, 748 F.3d at 739.

III.

Boykin argues that the Government's refusal to file the section 3E1.1(b) motion was not based on the criteria in the Guidelines or the policy underlying the reduction, but rather on its allegedly erroneous belief that Boykin did not accept responsibility for his crimes. According to Boykin, he only filed one pre-trial motion, and virtually caused no delays to the Government or the court, so the Government's withholding of the motion was not rationally related to any legitimate government reason. Furthermore, Boykin argues that his sentence is substantively unreasonable because the Government arbitrarily and unreasonably withheld the reduction under section 3E1.1(b).

The Government, conceding that it did not expend resources preparing for trial, rebuts that Boykin did not embrace the opportunity given to him to fully accept responsibility for the offenses. Specifically, the Government contends that Boykin tried to minimize his role in the Akron, Ohio drug trade and did not accept responsibility for two controlled buys, for possession of the firearm while he trafficked the drugs, or for the amount of drugs he trafficked. We agree.

Section 3E1.1(a) of the Guidelines allows for a two-level reduction if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "[U]pon motion of the government," section 3E1.1(b) allows for an additional one-level reduction if the defendant assisted in the investigation and prosecution of his offense by timely notifying authorities of his intent to plead guilty, thereby allowing the government to avoid preparing for trial and allocate their resources efficiently. U.S.S.G. § 3E1.1(b).

In *Wade v. United States*, the Supreme Court considered whether district courts may review for constitutional violations the Government's refusal to file a motion under section 5K1.1 of the Guidelines. 504 U.S. 181, 183 (1992). This section allows the court to depart from the guidelines "[u]pon motion of the government" if the defendant provided substantial assistance in the investigation or prosecution of another. *Id.* at 184 (quoting U.S.S.G. § 5K1.1). Though acknowledging that this section "gives the Government a power, not a duty," to file the motion, the Court held that courts could, nevertheless, grant a remedy if the refusal to file the motion was based on an unconstitutional motive or not rationally related to any legitimate governmental end. *Id.* at 185–86. Importantly, it rejected the defendant's argument that he was entitled to the reduction simply because he provided substantial assistance. *Id.* at 187. It concluded this was a necessary, not a sufficient, condition for the motion, noting that the Government could have denied the motion based only on its rational assessment of the costs and benefits of moving for that motion. *Id.*

This court applied *Wade*'s reasoning to the Government's decision not to move for a sentence reduction under section 3E1.1(b), concluding that the Government's discretion in moving for such a motion "is subject to the limitation that the government may not act with a constitutionally impermissible motive." *United States v. Lapsins*, 570 F.3d 758, 769 (6th Cir.

2009). We went on to hold, however, that despite the seemingly limiting language suggesting that the government's decision not to move for the reduction must be based on whether the defendant saved the government resources, the government could decline to move for the reduction for any reason, so long as that reason is not based on an unconstitutional motive. *Id.* at 770 (citing *United States v. Sloley*, 464 F.3d 355, 359 (2d Cir. 2006)); *see also United States v. Coleman*, 627 F.3d 205, 215 (6th Cir. 2010) ("The court may show deference to the government's reasons for not seeking a third-level reduction even if the reasons have nothing to do with the timing between the plea and trial, so long as the refusal is not based upon a constitutionally impermissible factor and is not arbitrary.").

Because the defendant did not argue that the government's refusal to move for the reduction was based on an impermissible motive, we then considered whether the decision was arbitrary in the sense that there was no valid reason to conclude that the defendant had not accepted responsibility for his crimes. *Lapsins*, 570 F.3d at 771. Ultimately, we concluded that the record revealed that the defendant attempted to retract his prior admission, so there was no error in the prosecutor's decision not to move for the reduction. *Id.*; *see also United States v. Darden*, 552 F. App'x 574, 577–78 (6th Cir. 2014) (concluding that the district court did not abuse its discretion in declining to reduce the defendant's sentence under section 3E1.1(b) because the fact that the defendant contested whether the drugs belonged to him indicated that he had not fully accepted responsibility); *Coleman*, 627 F.3d at 215 (upholding the government's refusal to move for the section 3E1.1(b) reduction where the defendant's alleged obstruction of justice was inconsistent with acceptance of responsibility). The out-of-circuit cases relied on by Boykin reach analogous results. *See, e.g., United States v. Moreno-Trevino*, 432 F.3d 1181, 1186–87 (10th Cir. 2005) (holding that the government had a rational justification for not filing a

section 3E1.1(b) motion where the defendant suggested that he would return to the United States in violation of his plea agreement, which was inconsistent with an acceptance of responsibility); *United States v. Smith*, 422 F.3d 715, 726–27 (8th Cir. 2005) (concluding that the defendant's "conduct prior to sentencing was arguably overly dilatory and certainly contrary to his admission of guilty," so the district court's decision not to grant the reduction under 3E1.1(b) was not clear error). Thus, the district court may apply the one-level reduction under section 3E1.1(b) notwithstanding the Government's decision not to move for that reduction, so long as Boykin presents objective evidence of the Government's unconstitutional motive or arbitrary decision. *See United States v. Collins*, 683 F.3d 697, 705 (6th Cir. 2012).

Boykin does not allege, let alone present evidence of, any unconstitutional motive by the Government. However, he insists that the Government's decision not to move for the additional reduction was not related to a legitimate government end, and so was arbitrary. We disagree. Though Boykin stated that he "accept[s] all responsibility" for his actions, Sentencing Tr. 46:1– 2, ECF No. 26, Page ID 168, the statements he made in his sentencing memorandum and during his sentencing hearing are inconsistent with acceptance of responsibility. For instance, though Boykin pled guilty to possession with intent to distribute *twelve* grams of fentanyl and heroin, he admitted to only selling *three* grams of heroin and downplayed his illegal possession and use of fentanyl, stating it was his merely his prescription. Also, Boykin was charged with possessing a firearm during and in relation to a drug trafficking crime. Nevertheless, he repeatedly insisted that he had the gun only to protect his friend, and even after being given an opportunity to clarify his admission after consultation with counsel, Boykin continued to aver that his gun was not used in connection with his drug trafficking. As noted, we have repeatedly held that when a defendant acts inconsistently with a full acceptance of responsibility, the district court does not abuse its

discretion in declining to reduce the defendant's sentence by an additional level under section 3E1.1(b). Accordingly, because various statements made by Boykin undermine his complete acceptance of responsibility, we see no procedural or substantive error committed by district court in not reducing Boykin's sentence under section 3E1.1(b).

## IV.

For the foregoing reasons, we **AFFIRM** Boykin's sentence.