# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10194

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRELL DEWAYNE JOHNSON,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-91-1

———————————————————————————

Before DENNIS, HAYNES, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Terrell Dewayne Johnson challenges the district court's characterization of his possession of 21.6 grams of fentanyl pills as a Grade A violation of his term of supervised release. He argues that the court erred by failing to make a specific finding that he possessed the fentanyl pills with intent to distribute. We AFFIRM his revocation sentence.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10194

I

In 2014, Johnson pleaded guilty to possession of a stolen firearm. He was sentenced to 120 months of imprisonment, followed by three years of supervised release. His term of supervised release began on June 28, 2023.

Less than three months after Johnson's release, the U.S. Probation Office filed a petition seeking to revoke Johnson's supervised release, alleging that he had violated his supervised release by using and possessing cocaine, methamphetamine, and fentanyl; testing positive for multiple drugs five separate times; failing to submit to a scheduled drug test; failing to attend two scheduled drug counseling sessions; and refusing to participate in residential substance abuse treatment services. On September 12, 2023, the district court ordered the issuance of a warrant.

After Johnson's arrest on February 6, 2024, the probation officer filed an addendum alleging additional violations of his supervised release: he was in possession of 2.1 grams of methamphetamine and 21.6 grams of fentanyl pills, at the time of his arrest; he admitted to using and possessing methamphetamine and marijuana and consuming alcohol in February 2024; he failed to report to the probation office as directed in August 2023; and he failed to submit monthly online reports from July 2023 to January 2024. The officer also filed a package that included a report from a United States Deputy Marshal involved in Johnson's arrest. The report stated that Johnson had two bags of pills when he was arrested, and that the pills tested positive for fentanyl and had an aggregate weight of 21.6 grams. Also included were pictures of the two bags; each contains numerous pills.

At the revocation hearing, Johnson pleaded true to the violations contained in the petition and not true to the violations in the addendum. The government proffered—without objection—the facts alleged in the addendum, including that Johnson possessed additional controlled

2

substances at the time of his arrest, and that he admitted additional use of controlled substances.

The petition to revoke Johnson's supervised release classified the alleged conduct as a Grade C supervised-release violation. *See* U.S.S.G. § 7B1.3(a)(2). With Johnson's criminal history category of VI, the petition calculated the advisory guideline sentencing range as 8–14 months. *See id.* § 7B1.4(a). The petition also noted that the statutory maximum term of imprisonment was two years. The addendum classified the alleged conduct as a Grade A violation, which increased the sentencing range to 24 months of imprisonment.

Johnson sought a sentence of 8–14 months, arguing that he was found with "a user quantity of drugs" when arrested, and that no charges had been filed against him. The government acknowledged that Johnson was not facing new charges but disagreed that he possessed only a user amount of fentanyl. The prosecutor argued:

> And then, finally, I would agree that the 2 grams of methamphetamine is likely a user amount. I think that the 21 grams of fentanyl pills, that feels a little bit more to me like a distributable amount. The government would just point that out, Your Honor.

The district court adopted the petition and addendum and noted that it had also considered the arguments and evidence presented at the hearing. It revoked Johnson's supervision and sentenced him to 24 months of imprisonment under § 7B1.4(a). Johnson appeals his sentence, contending that the district court erred by holding that he committed a Grade A violation. He argues that his possession of 21.6 grams of fentanyl is neither an offense punishable by more than 20 years in prison nor a "controlled substance offense".

No. 24-10194

## II

Because Johnson did not object to his revocation sentence in the district court, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To establish plain error, he must identify a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

## III

The Sentencing Guidelines sets forth three grades of supervised-release violations. U.S.S.G. § 7B.1.1(a). "Grade A Violations" include "conduct constituting" (1) "a federal, state, or local offense punishable by a term of imprisonment exceeding one year that [ ] is a controlled substance offense," or (2) "any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years." *Id.* § 7B.1.1(a)(1). A "controlled substance offense" is limited to offenses involving "the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2; *see also id.* § 7B1.1, comment (n.3) (stating that "controlled substance offense" is defined in U.S.S.G. § 4B1.2). "A fact-finder may infer an intent to distribute a controlled substance based on 'mere possession of a quantity of drugs inconsistent with personal use.'" *United States v. Anguiano*, 27 F.4th 1070, 1073 (5th Cir. 2022) (quoting *United States v. Mays*, 466 F.3d 335, 341 (5th Cir. 2006)).

The record supports the district court's finding that Johnson committed a Grade A violation. At the revocation hearing, Johnson stipulated that he possessed controlled substances at the time of his arrest. The addendum, which the district court adopted, alleged that Johnson had

21.6 grams of fentanyl pills. The pictures of the pills show two separate bags, each containing numerous pills. Intent to distribute has been inferred solely from possession of a large amount of the illicit substance. *See Anguiano*, 27 F.4th at 1073; *see also United States v. Campos-Ayala*, 105 F.4th 235, 244 (5th Cir. 2024) ("Th[e] rule of law—that possession of large enough quantities is sufficient, by itself, to prove intent to distribute—is so embedded in Fifth Circuit precedent as to be beyond cavil.") (collecting cases). The district court could have inferred Johnson's intent to distribute from the weight and number of fentanyl pills he possessed and the way they were packaged.[1]

Johnson argues that his "simple possession" of this quantity of fentanyl does not satisfy the "trafficking element" of a "controlled substance offense" under the guidelines. He cites *United States v. Lopez-Salas*, 513 F.3d 174 (5th Cir. 2008), in which we noted that the sentencing guidelines "could have defined a *drug trafficking offense* based on the quantity of drugs possessed," but instead "they require that a state prove an intent to manufacture, import, export, distribute, or dispense." *Id.* at 180 (emphasis added). Even though the definitions of a "controlled substance offense" and a "drug trafficking offense" are virtually identical, *Lopez-Salas* is distinguishable. There, we determined that the defendant's prior state offense, which was used to enhance his sentence under the guidelines, was not a categorical match to the federal drug trafficking offense because the predicate state statute did not include the requisite element of intent. *Id.* In

---

[1] Notably, convictions for possession with intent to distribute have involved lesser amounts of fentanyl. *See United States v. Hill-Johnson*, 806 F. App'x 114, 116 (3d Cir. 2020) (affirming district court's decision to deny a defendant's motion to withdraw his guilty plea to possession with intent to distribute "under four grams" of fentanyl); *United States v. Thomas*, 840 F. App'x 858, 859 (6th Cir. 2021) (affirming sentence imposed for possession with intent to distribute 12.15 grams of a mixture and substance containing heroin and fentanyl); *United States v. Boykin*, 679 F. App'x 400, 401, 405 (6th Cir. 2017) (affirming sentence imposed for possession with intent to distribute 12 grams of fentanyl and heroin).

No. 24-10194

making this determination, *Lopez-Salas* considered the statutory elements of the underlying crime, not the facts supporting the defendant's conviction. *Id.* at 178.

Absent any precedent directly supporting his contention that 21.6 grams of fentanyl pills is insufficient, by itself, to establish possession with intent to distribute, Johnson cannot prevail on plain-error review. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) ("We ordinarily do not find plain error when we 'have not previously addressed' an issue.") (quotation omitted).[2]

\* \* \*

AFFIRMED.

_____

[2] Because the record contains ample evidence that Johnson committed a Grade A violation based on his "controlled substance offense," we need not address his argument that his conduct does not qualify as a punishable offense exceeding 20 years imprisonment.